# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action Number: 19-cv-3417

REBECCA BRIGHAM,

      Plaintiff,

v.

FRONTIER AIRLINES, INC.,
a Colorado corporation,

      Defendant.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff REBECCA BRIGHAM (hereinafter "Plaintiff" or "Ms. Brigham"), by and through the undersigned counsel, bring this Complaint pursuant to the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.* (the "ADA"), demands a jury trial, and alleges as follows:

## INTRODUCTION

1. In May 2007, Ms. Brigham became employed with Defendant Frontier Airlines, Inc. (hereinafter "Frontier") as a flight attendant. Ms. Brigham found the work interesting and she excelled in her position, accumulating accolades from Defendant for her superior performance.

2. For Ms. Brigham her employment with Frontier was the realization of a long-sought career path. Her position as a flight attendant became part of her identity and she was proud to

discuss her career with friends and family. The compensation had the potential to allow for a middle-class life, which would have allowed Ms. Brigham to take care of her family and other financial obligations. Therefore, Ms. Brigham valued her relationship with Frontier, and was ready to excel on every shift.

3. Unfortunately, as time went on, Ms. Brigham was occasionally tempted by alcohol as a means of relieving stress, anxiety, and the serious grief brought on by the death of her first child, born prematurely on May 22, 2009. Her occasional indulgences became more frequent until it became clear to Ms. Brigham that she had developed alcoholism and was dependent upon alcohol for relieving feelings of grief. While Ms. Brigham's disability, alcoholism, never interfered with the performance of her job duties, Ms. Brigham still felt the need to face the disorder head on.

4. As such, and toward the end of 2014, she voluntarily self-disclosed her disability to Frontier and checked into an inpatient rehab center. While Ms. Brigham's decision to seek treatment for her alcoholism has been a tremendous success, her experience with Frontier, after self-disclosing, became negative.

5. Ms. Brigham repeatedly requested reasonable accommodations from Frontier so that she could successfully perform the essential functions of her job, only to be told that no accommodations could be granted. At one point, Frontier blamed its inability to provide Ms. Brigham with an accommodation on an assertion that the requested accommodation (alteration of her work schedule to avoid overnights and long layovers) would violate terms of its collective bargaining agreement with the flight attendants' union **despite** support for the proposed accommodations from the Vice President of the union itself.

6. It became clear that Frontier wanted to terminate Ms. Brigham based on her

disability and was not at all interested in helping her to be successful, let alone comply with its obligations under the ADA. The more Frontier refused to grant Ms. Brigham any type of reasonable accommodation, the more days she missed from work as she attempted to alter her work schedule to avoid long layovers or overnight flights. Of course, Frontier would then criticize Ms. Brigham for the absences from work caused by its own refusal to grant an accommodation.

7. Finally, in about mid-November 2015, just over **8.5 years** after being hired and about **1 year** after voluntarily disclosing her disability and proactively seeking treatment, Ms. Brigham was terminated by Frontier. Thus, in the short span of a year, Frontier violated the requirements of the ADA by: failing to accommodate; failing to engage in the interactive process; retaliating against Ms. Brigham for engaging in protected activity; and engaging in unlawful disability based discrimination.

8. Frontier's termination of Ms. Brigham has produced severe consequences including financial and emotional harm, exacerbated by the fact that Ms. Brigham has had trouble finding a position even remotely equivalent to her flight attendant position. When Frontier terminated Ms. Brigham from her position, Defendant took away the means for Ms. Brigham to secure a stable and healthy life for herself and her family.

9. Therefore, and through this lawsuit, Ms. Brigham seeks to be paid all available economic, compensatory, and punitive damages for which she has suffered, and in any event, in an amount not less than $1,000,000. Ms. Brigham stepped up and chose to confront her disability directly, and in return, Frontier punished her and took away her livelihood. It's time that Frontier be ordered to pay the cost of its unlawful behavior.

## JURISDICTION, VENUE AND PARTIES

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12101, *et seq.* as this Complaint raises a federal question and a private cause of action as authorized under the ADA.

11. This Court has personal jurisdiction over Defendant as Defendant is engaged in continuous and systematic business activities within this State. Defendant is a domestic entity registered to conduct business in the State of Colorado, or directly conducts business in Colorado whether through a subsidiary company or otherwise, and is in fact engaged in continuous and systematic business activities within this State. As such, Defendant is subject to the general or specific personal jurisdiction of this Court.

12. Venue is proper in the District of Colorado pursuant to 28 U.S.C. §§ 1391(a), (b) and (c) because a substantial part of the events or omissions giving rising to Plaintiff's claims occurred in the District of Colorado and Defendant is subject to the personal jurisdiction of the Court.

13. Plaintiff Rebecca Brigham is currently a resident of the State of Michigan and was employed by Defendant, and residing in Colorado, during the relevant time period.

14. Defendant Frontier Airlines, Inc. is a corporation duly organized and existing under the laws of the State of Colorado. Defendant Frontier Airlines, Inc. may be served through its registered agent at: Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120.

## MS. BRIGHAM'S CASE BEFORE THE UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC")

15. On May 10, 2016, Ms. Brigham filed a Charge of Discrimination with the Colorado Civil Rights Division, her charge later being transferred to the United States Equal Employment Opportunity Commission. **Exhibit 1**, Charge of Discrimination dated May 10, 2016.

16. In the Charge, and through the EEOC's investigative process, Ms. Brigham outlined in great detail the events leading up to the filing of her Charge, including:

   a. Requesting a reasonable accommodation on or about June 4, 2015 in the form of a schedule change allowing Ms. Brigham to avoid long layovers as they may aggravate her disability and violate her treatment plan, which was denied;

   b. On or about October 9, 2015, Ms. Brigham again requested a reasonable accommodation in the form of an altered schedule but was denied;

   c. On or about November 3, 2015, Frontier summoned Ms. Brigham to an "investigatory meeting," during which she again requested an accommodation, which was **supported by the union**, but was again denied; and

   d. On or about November 14, 2015, Ms. Brigham was unlawfully terminated by Defendant.

Ex. 1.

17. Despite Frontier's knowledge of Plaintiff's disability, Defendant's knowledge coming from Ms. Brigham's voluntary disclosure, *and* Ms. Brigham's repeated requests for a reasonable accommodation, Defendant never actually engaged in the interactive process as required under the ADA.

18. Ms. Brigham proposed at least two reasonable accommodations: (1) a change to her schedule to avoid long layovers and overnights as these situations exacerbate her disability and violated her alcohol treatment plan; or (2) transfer to a position within Defendant's home office on a temporary basis. Frontier never entertained these propositions in good faith, nor did Frontier propose its own possible reasonable accommodations.

19. Ms. Brigham was placed into an untenable position as Frontier's rules regarding the voluntary disclosure of alcoholism required that Plaintiff follow every aspect of her alcohol treatment plan in order to keep her job, yet Frontier was unwilling to entertain reasonable accommodations to accomplish the same.

20. This situation was especially troubling because Adrian Prince, the Vice President of Plaintiff's union, attended a meeting and told Ms. Brigham's supervisors that the union had no problem with Plaintiff's proposed changes in schedule as a reasonable accommodation, *i.e.*, the requested accommodation violated no terms of Frontier's collective bargaining agreement with the union.

21. Frontier's refusal to engage in the interactive process in good faith and its refusal to grant a simple and logical requested reasonable accommodation belies the only factor motivating its decision-making: unlawful discriminatory animus.

## THE EEOC'S DETERMINATION

22. On June 4, 2019, the EEOC issued a Determination in Ms. Brigham's favor, finding: "Based upon a review of the evidence gathered from Respondent and Charging Party, I conclude that the Respondent violated the ADA when Charging Party was denied a reasonable accommodation and discharged." **Exhibit 2**, EEOC Determination dated June 4, 2019.

23. Despite a robust investigatory process that resulted in the EEOC issuing a Determination in Plaintiff's favor, Defendant was still unwilling to correct it prior unlawful behavior, and as a result, Plaintiff filed the instant lawsuit.

### COUNT I
### Failure to Accommodate in Violation of the ADA
### 42 U.S.C. § 12101, *et seq.*

24. Plaintiffs incorporates all allegations contained herein as if fully stated in this Paragraph.

25. Defendant is an employer covered by the requirements of the ADA.

26. Plaintiff was Defendant's employee during the relevant time period and entitled to the benefits and protections of the ADA.

27. The ADA requires that employers reasonably accommodate the known disabilities of their employees; engage in a good faith interactive process with employees to determine the nature of possible reasonable accommodations; refrain from retaliating against employees that engage in protected activity under the ADA, including but not limited to requesting a reasonable accommodation; and refrain from discriminating against employees based on their disability.

28. Here, and as described in detail, Plaintiff's many requests for a reasonable accommodation were denied; Frontier refused to engage in the interactive process in good faith; Plaintiff was retaliated against for having the audacity to voluntarily disclose her disability and seek an accommodation; and ultimately, Plaintiff was terminated unlawfully based on her disability.

29. Plaintiff has suffered damages as a result of Defendant's various violations of the ADA and seeks payment for all economic damages (including back and frontpay), compensatory and punitive damages, attorney's fees, costs, and interest at the highest allowable rate under law.

## COUNT II
### Failure to Engage in the Interactive Process in Violation of the ADA
### 42 U.S.C. § 12101, *et seq.*

30. Plaintiffs incorporates all allegations contained herein as if fully stated in this Paragraph.

31. Defendant is an employer covered by the requirements of the ADA.

32. Plaintiffs was Defendant's employee during the relevant time period and entitled to the benefits and protections of the ADA.

33. The ADA requires that employers reasonably accommodate the known disabilities of their employees; engage in a good faith interactive process with employees to determine the nature of possible reasonable accommodations; refrain from retaliating against employees that engage in protected activity under the ADA, including but not limited to requesting a reasonable accommodation; and refrain from discriminating against employees based on their disability.

34. Here, and as described in detail, Plaintiff's many requests for a reasonable accommodation were denied; Frontier refused to engage in the interactive process in good faith; Plaintiff was retaliated against for having the audacity to voluntarily disclose her disability and seek an accommodation; and ultimately, Plaintiff was terminated unlawfully based on her disability.

35. Plaintiff has suffered damages as a result of Defendant's various violations of the ADA and seeks payment for all economic damages (including back and frontpay), compensatory and punitive damages, attorney's fees, costs, and interest at the highest allowable rate under law.

### COUNT III
### Retaliation in Violation of the ADA
### 42 U.S.C. § 12101, *et seq.*

36. Plaintiffs incorporates all allegations contained herein as if fully stated in this Paragraph.

37. Defendant is an employer covered by the requirements of the ADA.

38. Plaintiffs was Defendant's employee during the relevant time period and entitled to the benefits and protections of the ADA.

39. The ADA requires that employers reasonably accommodate the known disabilities of their employees; engage in a good faith interactive process with employees to determine the nature of possible reasonable accommodations; refrain from retaliating against employees that engage in protected activity under the ADA, including but not limited to requesting a reasonable accommodation; and refrain from discriminating against employees based on their disability.

40. Here, and as described in detail, Plaintiff's many requests for a reasonable accommodation were denied; Frontier refused to engage in the interactive process in good faith; Plaintiff was retaliated against for having the audacity to voluntarily disclose her disability and seek an accommodation; and ultimately, Plaintiff was terminated unlawfully based on her disability.

41. Plaintiff has suffered damages as a result of Defendant's various violations of the ADA and seeks payment for all economic damages (including back and frontpay), compensatory and punitive damages, attorney's fees, costs, and interest at the highest allowable rate under law.

### COUNT IV
### Discrimination in Violation of the ADA
### 42 U.S.C. § 12101, *et seq.*

42. Plaintiffs incorporates all allegations contained herein as if fully stated in this Paragraph.

43. Defendant is an employer covered by the requirements of the ADA.

44. Plaintiffs was Defendant's employee during the relevant time period and entitled to the benefits and protections of the ADA.

45. The ADA requires that employers reasonably accommodate the known disabilities of their employees; engage in a good faith interactive process with employees to determine the nature of possible reasonable accommodations; refrain from retaliating against employees that engage in protected activity under the ADA, including but not limited to requesting a reasonable accommodation; and refrain from discriminating against employees based on their disability.

46. Here, and as described in detail, Plaintiff's many requests for a reasonable accommodation were denied; Frontier refused to engage in the interactive process in good faith; Plaintiff was retaliated against for having the audacity to voluntarily disclose her disability and seek an accommodation; and ultimately, Plaintiff was terminated unlawfully based on her disability.

47.     Plaintiff has suffered damages as a result of Defendant's various violations of the ADA and seeks payment for all economic damages (including back and frontpay), compensatory and punitive damages, attorney's fees, costs, and interest at the highest allowable rate under law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for entry of judgment in her favor and against Defendant as follows:

1. Plaintiff requests payment of all economic damages allowable under law, including but not limited to back and frontpay, in an amount not less than $400,000;

2. Plaintiff requests payment of allowable compensatory damages in an amount not less than $300,000;

3. Plaintiff requests payment of all allowable punitive damages in an amount not less than $300,000;

4. Plaintiff requests payment of all attorney's fees and costs;

5. Plaintiff requests pre and post-judgment interest at the highest rate allowable under law; and

6. Plaintiff requests any and all other legal or equitable relief deemed appropriate by the Court.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests a jury trial on all claims described herein, and as may be amended.

Respectfully submitted this 4th day of December, 2019.

/s/John R. Crone
John R. Crone

CO Bar No. 48284
THE LAW OFFICE OF JOHN R. CRONE, LLC
4550 E Cherry Creek Drive South, #1003
Glendale, Colorado 80246
Telephone: (303) 598-3526
john@crone-law.com
*Attorney for Plaintiff*