## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03417-STV

REBECCA BRIGHAM,

      Plaintiff,

v.

FRONTIER AIRLINES, INC.,

      Defendant.

---

### DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

---

Defendant Frontier Airlines, Inc. ("Frontier"), by and through its attorneys, Danielle L. Kitson and Carolyn B. Theis of Littler Mendelson, P.C., submits the following Answer and Defenses to Plaintiff's Complaint [ECF No. 1].

### <u>INTRODUCTION</u>

1.     Frontier admits that Frontier hired Plaintiff in May of 2007 as a flight attendant. Frontier lacks sufficient knowledge or information upon which to form a belief as to whether Plaintiff found the work interesting and therefore, denies the same. Frontier denies the remaining allegations set forth in paragraph 1 of the Complaint.

2.     Frontier lacks sufficient knowledge or information upon which to form a belief as to the allegations set forth in paragraph 2 of the Complaint and therefore, denies them.

3.     Frontier lacks sufficient knowledge or information upon which to form a belief as to the allegations set forth in paragraph 3 of the Complaint and therefore, denies them.

4.      Frontier admits that Plaintiff disclosed her alcoholism to Frontier. Frontier lacks sufficient knowledge or information upon which to form a belief as to the remaining allegations set forth in paragraph 4 of the Complaint and therefore, denies them.

5.      The allegations set forth in paragraph 5 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Frontier denies them.

6.      Frontier denies the allegations set forth in paragraph 6 of the Complaint.

7.      Frontier admits that it terminated Plaintiff's employment in or around mid-November of 2015. The remaining allegations set forth in paragraph 7 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Frontier denies them.

8.      Frontier lacks sufficient knowledge or information upon which to form a belief as to the allegations set forth in paragraph 8 of the Complaint and therefore, denies them.

9.      The allegations set forth in paragraph 9 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Frontier denies them.

**JURISDICTION, VENUE AND PARTIES**

10.      The allegations set forth in paragraph 10 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Frontier admits that this Court has subject matter jurisdiction over this action, but denies that any unlawful employment practices were committed and denies any remaining allegations in paragraph 10 of the Complaint.

11.      The allegations set forth in paragraph 11 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Frontier admits that it is subject to this Court's personal jurisdiction in this case, but denies that any unlawful employment

practices were committed and denies any remaining allegations in paragraph 11 of the Complaint.

12.     The allegations set forth in paragraph 12 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Frontier admits that venue is proper in this District and that Frontier is subject to this Court's personal jurisdiction. Further answering, Frontier denies that any unlawful employment practices were committed and denies any remaining allegations in paragraph 12 of the Complaint.

13.     Frontier admits that Frontier employed Plaintiff, but lacks sufficient knowledge or information upon which to form a belief as to the remaining allegations set forth in paragraph 13 of the Complaint and therefore, denies them.

14.     Frontier admits the allegations set forth in paragraph 14 of the Complaint.

## MS. BRIGHAM'S CASE BEFORE THE UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC")

15.     Frontier admits the allegations set forth in paragraph 15 of the Complaint upon information and belief.

16.     Frontier admits that Plaintiff filed a Charge of Discrimination. Further answering, Frontier states that the Charge of Discrimination speaks for itself and denies the allegations in paragraph 16 of the Complaint to the extent they are inconsistent with that document. In addition, Frontier states that the allegations set forth in subpart d of paragraph 16 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Frontier denies them.

17.     Frontier states that the allegations set forth in paragraph 17 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Frontier denies them.

18.     Frontier states that the allegations set forth in paragraph 18 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Frontier denies them.

19.     Frontier states that the allegations set forth in paragraph 19 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Frontier denies them.

20.     Frontier lacks sufficient knowledge or information upon which to form a belief as to the allegations set forth in paragraph 20 of the Complaint and therefore, denies them.

21.     Frontier states that the allegations set forth in paragraph 21 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Frontier denies them.

**THE EEOC'S DETERMINATION**

22.      Frontier admits upon information and belief that the EEOC issued a Determination on or about June 4, 2019. Further answering, Frontier states that the Determination speaks for itself and denies the allegations set forth in paragraph 22 of the Complaint to the extent they are inconsistent with the document.

23.     Frontier admits upon information and belief that the EEOC issued a Determination, which speaks for itself, and denies the allegations set forth in paragraph 23 of the Complaint to the extent they are inconsistent with the document. Further answering, Frontier states that the remaining allegations set forth in paragraph 23 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Frontier denies them.

## COUNT I
### Failure to Accommodate in Violation of the ADA
### 42 U.S.C. § 1201, *et seq.*

24.     Frontier incorporates by reference its preceding responses as though fully restated here.

25.     Frontier states that the allegations set forth in paragraph 25 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Frontier denies them.

26.     Frontier admits that it employed Plaintiff between May of 2007 and November of 2015.  Further answering, Frontier states that the remaining allegations set forth in paragraph 26 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies them.

27.     Frontier states that the allegations set forth in paragraph 27 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies them.

28.     Frontier states that the allegations set forth in paragraph 28 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Frontier denies them.

29.     Frontier states that the allegations set forth in paragraph 29 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Frontier denies them.

### COUNT II
**Failure to Engage in the Interactive Process in Violation of the ADA**
**42 U.S.C. § 1201, *et seq.***

30.     Frontier incorporates by reference its preceding responses as though fully restated here.

31.     Frontier states that the allegations set forth in paragraph 31 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies them.

32.     Frontier admits that it employed Plaintiff between May of 2007 and November of 2015. Further answering, Frontier states that the remaining allegations set forth in paragraph 32 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies them.

33.     Frontier states that the allegations set forth in paragraph 33 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies them.

34.     Frontier states that the allegations set forth in paragraph 34 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Frontier denies them.

35.     Frontier states that the allegations set forth in paragraph 35 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Frontier denies them.

## COUNT III
### Retaliation in Violation of the ADA
### 42 U.S.C. § 1201, *et seq.*

36.     Frontier incorporates by reference its preceding responses as though fully restated here.

37.     Frontier states that the allegations set forth in paragraph 37 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies them.

38.     Frontier admits that it employed Plaintiff between May of 2007 and November of 2015. Further answering, Frontier states that the remaining allegations set forth in paragraph 38 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies them.

39.     Frontier states that the allegations set forth in paragraph 39 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies them.

40.     Frontier states that the allegations set forth in paragraph 40 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies them.

41.     Frontier states that the allegations set forth in paragraph 41 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies them.

**COUNT IV**
**Discrimination in Violation of the ADA**
**42 U.S.C. § 1201, *et seq.***

42.     Frontier incorporates by reference its preceding responses as though fully restated here.

43.     Frontier states that the allegations set forth in paragraph 43 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies them.

44.     Frontier admits that it employed Plaintiff between May of 2007 and November of 2015. Further answering, Frontier states that the remaining allegations set forth in paragraph 44 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies them.

45.     Frontier states that the allegations set forth in paragraph 45 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies them.

46.     Frontier states that the allegations set forth in paragraph 46 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies them.

47.     Frontier states that the allegations set forth in paragraph 47 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies them.

## PRAYER FOR RELIEF

In response to the "WHEREFORE" clause contained in Plaintiff's Complaint, Frontier denies that Plaintiff is entitled to judgment in her favor, judgment against Frontier, and/or any of the relief that Plaintiff seeks.

## DEMAND FOR TRIAL BY JURY

Answering the JURY DEMAND paragraph following the WHEREFORE paragraph of the Complaint, Frontier states that the paragraph alleges legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies them.

**Frontier denies all allegations not specifically admitted herein.**

## DEFENSES

Frontier reserves the right to rely upon the foregoing and following denials and defenses to the extent they are supported by evidence later developed or facts later learned, without now assuming the burden of proof on any such defense that would otherwise rest on Plaintiff and with the reservation of its right to amend or supplement its responses to the Complaint, as well as its defenses, as information is gathered through discovery.

1.      Plaintiff's allegations fail to state a claim for which relief can be granted.

2.      Plaintiff's claim is barred, in whole or in part, by the applicable statutes of limitations.

3.      Upon information and belief, Plaintiff has failed to mitigate her damages, if any.

4.      Plaintiff was an at-will employee, as that term is defined under Colorado common law, and therefore, could have been terminated at any time, for any reason (not specifically prohibited by state or federal law), and with or without cause.

5.      Plaintiff's claim is barred because no adverse employment action was taken because of any disability.

6.      The challenged actions about which Plaintiff complains would still have been taken irrespective of any alleged impermissible motivating factor.

7.      The challenged actions about which Plaintiff complains would still have been taken, notwithstanding any of Plaintiff's factual allegations, for legitimate reasons unrelated to any request for a reasonable accommodation under the Americans with Disabilities Act (ADA) or any activity protected by the ADA.

8.      The accommodations requested by Plaintiff were not reasonable and would have imposed an undue burden on Frontier.

9.      All actions taken by Frontier were taken in good faith, and were based on legitimate, non-discriminatory reasons.

10.      Plaintiff's claim is subject to statutory caps or other limitations on remedies, and any damages awarded must be reduced to the level of the caps or pursuant to other limitations.

11.      Plaintiff's damages must be reduced, in whole or in part, to the extent that Frontier has discovered and may continue to discover after-acquired evidence of wrongdoing by Plaintiff for which she would have been discharged.

12.      Plaintiff failed to engage in, and was responsible for the breakdown of the interactive process envisioned by the ADA.

13.      Plaintiff was unable to perform the essential functions of her position, with or without reasonable accommodation.

14.     Frontier effectively promulgated and maintained a policy prohibiting discrimination, and it makes good faith efforts to prevent discrimination in the workplace. Accordingly, Plaintiff is not entitled to recover liquidated or punitive damages.

15.     Plaintiff's claims are barred to the extent they are based on matters that were not included in an underlying charge of discrimination.

16.     No proximate cause or causal connection exists between any alleged protected activity and any adverse action.

17.     The claim for punitive damages must be dismissed because Frontier did not commit any intentional, malicious, and/or recklessly indifferent act toward Plaintiff.

WHEREFORE, Frontier respectfully requests that the Court: (1) dismiss Plaintiff's Complaint with prejudice; (2) deny Plaintiff's demands and prayer for relief; (3) award Frontier its costs and reasonable attorneys' fees incurred in defense of this action; and (4) grant Frontier such other and further relief as the Court deems just and proper.

Respectfully submitted this 3rd day of February, 2020.

*/s/ Danielle L. Kitson*

Danielle L. Kitson
Carolyn B. Theis
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Telephone: 303.629.6200
Facsimile: 303.629.0200
Email:  dkitson@littler.com
           catheis@littler.com

*Attorneys for Defendant Frontier Airlines, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on this 3rd day of February, 2020, I filed and served the foregoing

**DEFENDANT FRONTIER AIRLINES, INC.'S ANSWER AND DEFENSES TO**

**PLAINTIFF'S COMPLAINT** via CM/ECF to the following:

John R. Crone
The Law Office of John R. Crone, LLC
4550 E. Cherry Creek Drive South, #1003
Glendale, Colorado 80246
john@crone-law.com

*Attorney for Plaintiff*

*s /Joanna Fox*_____
Joanna Fox, Legal Secretary
