IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03417-WJM-STV

REBECCA BRIGHAM,

    Plaintiff,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference was held on February 13, 2020 at 10:00 a.m. in Courtroom A402, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294.

Plaintiff Rebecca Brigham was represented by John R. Crone, Esq., 4550 E. Cherry Creek Drive South, #1003, Glendale, CO 80246; (303) 598-3526; john@crone-law.com.

Defendant Frontier Airlines, Inc. was represented by Danielle L. Kitson, Esq., Littler Mendelson, P.C., 1900 Sixteenth Street, Suite 800, Denver, CO 80202; (303) 629-6200; DKitson@littler.com.

## 2. STATEMENT OF JURISDICTION

The Court has jurisdiction over this case and the parties by virtue of 28 U.S.C. § 1331 and 42 U.S.C. § 12101, *et seq.* as this lawsuit raises a federal question and constitutes a private cause of action under the Americans with Disabilities Act of 1990, as amended (the "ADA").

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.   Plaintiff:

Plaintiff was first employed as a flight attendant with Defendant Frontier Airlines, Inc. ("Frontier") on or around May 2007. Ms. Brigham found the work interesting, challenging, and appreciated that she could build a career and future with Frontier. In return, Frontier awarded accolades to Plaintiff for her superior performance. Throughout her tenure, Ms. Brigham remained dedicated to her position assimilating her job as a flight attendant into her personal identity.

Unfortunately, Ms. Brigham's first child was born premature and died on or around May 22, 2009. This exacerbated Ms. Brigham's occasional use of alcohol as a means of relieving stress, anxiety, and feelings of grief such that Ms. Brigham's infrequent indulgences became common. While Ms. Brigham's use of alcohol never interfered with her work performance, she became convinced that she was an alcoholic and required treatment. As such, and toward the end of 2014, Plaintiff voluntarily disclosed her disability to Frontier and checked into an inpatient rehabilitation facility. Ms. Brigham's treatment has been tremendously successfully; her interaction with Frontier during and since this time period has not.

Ms. Brigham repeatedly requested reasonable accommodations from Frontier (in a form recommended by her treatment plan **and** approved by her union) but was repeatedly informed that no accommodations could be granted. Rather than engage in the interactive process with Ms. Brigham in order to determine which accommodations might be reasonable and attainable, Frontier denied her requests and chose instead to discriminate and retaliate against Plaintiff for having the audacity to proactively confront and disclose her disability. Because Frontier refused Ms. Brigham a reasonable accommodation, indeed it refused to even engage in a good faith interactive process, Ms. Brigham began to involuntarily miss work in attempts to alter her work schedule to avoid long layovers or overnight flights (as recommended by her treatment plan and approved by her union).

Predictably, Frontier used these absences from work as justification for terminating Plaintiff on or around November 2015. Ms. Brigham complained to the United States Equal Employment Opportunity Commission ("EEOC") about Defendant's unlawful conduct, and the EEOC agreed that Defendant's conduct was indeed unlawful issuing a "cause" determination in Plaintiff's favor. Despite engaging in the EEOC's required conciliation process, the parties were unable to reach a resolution and this lawsuit ensued. Plaintiff has suffered significant damages in the form of back and front-pay, medical expenses, lost benefits, and emotional harm. Ms. Brigham also seeks all other available economic, compensatory, and punitive damages as well as attorney's fees and costs.

    b.    Defendant:

Frontier hired Plaintiff on or around May 24, 2007 as a Flight Attendant. In that capacity, Plaintiff was required to comply with Frontier's attendance policy ("Dependability Policy"), which at the time of Plaintiff's employment allowed up to eight (8) absences for unexcused reasons within a rolling, 12-month period. However, Plaintiff began violating Frontier's Dependability Policy shortly after her hire. Although Plaintiff contends that her absenteeism issue began around May 22, 2009, with the passing of her child, the evidence demonstrates that her attendance issues preceded this loss by almost two years.

In addition to Plaintiff's unexcused absences, Plaintiff was also missing work because she was granted excused time off for medical reasons, primarily in the form of FMLA leave—specifically, alcoholism. However, Plaintiff even missed work outside of the parameters of her certified medical leave. Plaintiff called in for non-disability/non-FMLA related reasons on a regular basis. In addition, Plaintiff almost always exceeded the amount of time off deemed medically necessary by her healthcare provider, sometimes by a factor of three or four, missing enormous amounts of scheduled work time and putting Frontier in a difficult position with respect to the timeliness and effectiveness of its flights. Ultimately, Frontier terminated Plaintiff's employment for her failure to comply with Frontier's Dependability Policy.

Frontier denies that it refused to engage in good faith in the interactive process with Plaintiff to identify a reasonable accommodation. Plaintiff claims Frontier could have accommodated her alcoholism by scheduling her only on flights without layovers and/or overnight flights. However, such an accommodation would have subjected Frontier to

significant liabilities and was therefore, unreasonable. Plaintiff had voluntarily joined a union that services Flight Attendants thereby agreeing to the terms and conditions of employment set forth by a Collective Bargaining Agreement ("CBA"). The CBA required Frontier to schedule Flight Attendants using an electronic bidding system, priority within which is determined by seniority of the bidding employee. By asking Frontier to simply ignore the seniority-based bidding system, Plaintiff asked Frontier to (a) incur violations of its CBA, which was enacted in part to benefit union employees like Plaintiff and (b) to remove the temptation of alcohol consumption from her work environment. Neither accommodation was reasonable, the first because it imposes an undue hardship on Frontier (as explained in more detail below) and the second because it is impossible (and unreasonable) for Frontier to be tasked with controlling Plaintiff's temptations. Frontier's customers purchase and consume alcohol on the aircraft, which Plaintiff would presumably be required to either dispense or to, at the very least, observe. In fact, providing service to customers was an essential function of her Flight Attendant position.

Thus, in short, Plaintiff asked Frontier to remove an essential function of her position, which is not considered to be "reasonable" for ADA purposes. Nevertheless, Frontier attempted to accommodate Plaintiff's requests for flights without layovers within the parameters of the CBA and encouraged her to utilize its scheduling system to bid only on shifts that did not have a layover component. However, the flights sought by Plaintiff (i.e. those with no overnight or layover component) were in high demand among other Flight Attendants whose employment is also governed by the CBA, and thus she was not able to consistently select the flights that she desired due to her own lack of seniority.

In sum, Frontier maintains that the accommodation requested by Plaintiff was unreasonable and that its decision to deny that request and ultimately terminate Plaintiff's employment were based upon legitimate, non-discriminatory and non-retaliatory reasons and incorporates by reference all defenses raised in its Answer and Affirmative Defenses [ECF No. __].

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff was employed by Defendant as a flight attendant from on or about May 24, 2007 until on or about November 14, 2015.

### 5. COMPUTATION OF DAMAGES

Plaintiff: Plaintiff is in the process of retaining an expert economist to quantify the economic damages described in her *Complaint and Jury Demand*. [Dkt. 1]. This expert will produce a preliminary report on Plaintiff's damages that Plaintiff will serve on Defendant as a supplement to this response. In the interim, Plaintiff discloses that she has suffered considerable economic damages in the form of back and front-pay, lost benefits, and medical expenses and costs. These damages total approximately $400,000. Plaintiff also seeks compensatory and punitive damages in amounts of at least $300,000, respectively. Plaintiff will also seek to recover all attorney's fees, costs, interest, and any other allowable relief provided under law.

Defendant: Frontier denies that Plaintiff has incurred any damages or is otherwise entitled to any relief. Frontier does not seek any affirmative damages at this time, but reserves the right to seek its attorneys' fees and costs.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.   **Date of Rule 26(f) meeting.**

The Rule 26(f) meeting was held on January 6, 2020 with additional conferral on subsequent dates.

b.   **Names of each participant and party he/she represented.**

John R. Crone representing Plaintiff and Danielle L. Kitson representing Defendant.

c.   **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

Plaintiff served her Rule 26(a)(1) disclosures on December 27, 2019. Defendant will serve its Rule 26(a)(1) disclosures on or before February 13, 2020.

d.   **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None.

e.   **Statement concerning any agreements to conduct informal discovery:**

The parties have no such agreement at this time.

f.   **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree to use a unified exhibit numbering system and confer as practicable on other cost-saving procedures.

g.   **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve**

information or records maintained in electronic form.

The parties will rely electronically stored information, but most is easily searchable as it takes the form of electronic mail that is searchable by date or keyword.

h.  **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties engaged in pre-suit settlement discussions, but are not optimistic that the case will settle without discovery. The Parties will continue their discussions as the case progresses.

## 7. CONSENT

At least one party does not consent to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.  **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

None.

b.  **Limitations which any party proposes on the length of depositions.**

None.

c.  **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The parties propose a limit of 25 requests for production and admission, respectively, and per party.

d.  **Other Planning or Discovery Orders.**

None.

## 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings:**

**March 12, 2020**

b. **Discovery Cut-off:**

**September 1, 2020**

c. **Dispositive Motion Deadline:**

**October 15, 2020**

d. **Expert Witness Disclosure**

1. The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff: Plaintiff will likely utilize an expert to aid in calculating her economic damages and may also designate a medical expert to opine on her compensatory damages.

Defendant: At this time, Defendant does not anticipate the need for expert testimony, other than for rebuttal.

2. Limitations which the parties propose on the use or number of expert witnesses.

2 per side.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

**May 1, 2020**

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

**June 1, 2020**

e. **Identification of Persons to Be Deposed:**

Plaintiff anticipates deposing: Defendant Frontier Airlines, Inc.; Jerry Arrellano, Defendant's head of Human Resources; any experts disclosed by Defendant; and any other witnesses deemed necessary as discovery unfolds.

Defendant anticipates deposing: Plaintiff; any experts disclosed by Plaintiff; and any other witnesses deemed necessary as discovery unfolds.

f. **Deadline for Interrogatories:**

All interrogatories must be served such that they are due at least 15 days before the discovery cut-off to allow for the resolution of any discovery disputes.

g. **Deadline for Requests for Production of Documents and/or Admissions:**

All requests for production of documents or admissions must be served such that they are due at least 15 days before the discovery cut-off to allow for the resolution of any discovery disputes.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

_____.

b. A final pretrial conference will be held in this case on 12/14/2020 at 10:15 o'clock a , m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before

the final pretrial conference.

### 11. OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b.  Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate a 4-day trial to a jury.

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

### 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact

information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may only be amended upon a showing of good cause.

DATED at Denver, Colorado, this __13th__ day of __February__, 20__20__.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

/s/ John R. Crone
John R. Crone, No. 48284
The Law Office of John R. Crone, LLC
4550 E Cherry Creek Drive South
Suite 1003
Denver, Colorado 80246
Telephone: (303) 598-3526
Email: john@crone-law.com

*Attorney for Plaintiff*

/s/ Danielle L. Kitson
Danielle L. Kitson
Erin Webber
1900 Sixteenth Street
Suite 800
Denver, CO 80202
Telephone: (303) 629-6200
Email: DKitson@littler.com
          EWebber@littler.com

*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of February, 2020, a true and correct copy of the foregoing **PROPOSED SCHEDULING ORDER** was electronically filed and served using the CM/ECF, which also electronically served Defendant's attorney of record.

By: /s/ John R. Crone
John R. Crone

4818-5051-2304.4