IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number: 19-cv-03417-WJM-STV

REBECCA BRIGHAM,

    Plaintiff,

v.

FRONTIER AIRLINES, INC.,
a Colorado corporation,

    Defendant.

## DECLARATION OF DAVID ST. HILAIRE

1. My name is David St. Hilaire, and I possess personal knowledge of all contents contained in this Declaration.

2. I am a former flight attendant for Frontier Airlines, Inc. ("Frontier"). I am well acquainted with Plaintiff Rebecca Brigham as we worked together at Frontier.

3. I left my employment with Frontier on or about April 1, 2016 due to unfair and unlawful treatment that I suffered.

4. On or about May 19, 2015, I entered treatment for alcohol addiction. I was fearful about disclosing my condition to Frontier because I was concerned that given Frontier's reputation for handling these types of issues, I would be retaliated against and treated unfairly.

5. Instead, I worked with a union representative to obtain the needed time off for

alcohol treatment. I attended my treatment program, which was successful. After completion of this program, I returned to work at Frontier. At first, it seemed all was well upon my return.

6. Unfortunately, a few weeks after my return, and while attending an annual training required of flight attendants, I was summoned out of the training room by my supervisor, Christopher Benedict. Mr. Benedict directed me to a meeting with himself, Shelley Leyner, and Jerry Arellano. Both Ms. Leyner and Mr. Arellano were in HR positions. Mr. Benedict was the director of compliance.

7. At this meeting, I was told by the above-referenced management officials that they obtained my release to return to work from the treatment center I attended to treat my alcoholism. They were clearly concerned that I was released to return to work from a treatment center that treats alcohol and drug addiction. In an attempt to prevent further invasion of my privacy, and perhaps save my job, I stated that the treatment center treats a broad scope of disorders, not just those related to drug and alcohol treatment.

8. These management officials told me they knew that I suffered from alcoholism. A former coworker of mine showed these management officials a Facebook post that I had recently posted celebrating the fact that I had been sober for 90 days.

9. These management officials then insisted that I was not well, and that I needed to go back to treatment. This was unequivocally false. These management officials further insisted that it was improper for me to have arranged my time off for treatment through the union, and that I should have used Frontier's self-disclosure program. I disagreed.

10. Still, I was suspended for over a month, without pay, following this meeting. I went through Frontier's self-disclosure program and ended up on a list compiled by the FAA of

employees with drug or alcohol issues, which would make it difficult to obtain future employment in the industry. Despite my compliance with all requirements of the self-disclosure program, Frontier harassed me repeatedly with drug testing (even though I was never treated for drug use).

11. Often while on out-of-town trips, Frontier would drug test me while I was on my way to the hotel. This would require long waits for shuttle busses that would shorten my rest periods below the legally required 8 hours. Eventually, I realized I would need to quit working for Frontier when I was arriving back in Denver from a trip.

12. When I opened the aircraft door, there was a gentleman waiting at the gate who immediately commanded me to follow him for drug testing. I informed him that I could not leave immediately as I was still required to deplane all of the passengers. The gentleman then crumpled up a piece of paper he was holding, threw it at me, and stated: "You just refused a drug test."

13. Before I could even get down the jetway, after deplaning the passengers, HR was on the phone telling me I was terminated. My coworker on that flight, Angie (last name I cannot recall) witnessed the entire event and helped me plead my case to HR. Frontier reversed its decision to terminate based on this event, but it was clear that I had a target on my back. It was obvious I was being treated poorly because I suffered from alcoholism.

14. I asked my supervisor, Christopher Benedict, how long I would be "randomly" drug tested because the entire process had devolved into harassment. He stated that Frontier could continue treating me this way for 3 to 5 years. I could not imagine living like this for an additional 3 to 5 years. Therefore, on or about April 1, 2016, I left my position with Frontier.

15. I am now employed with another airline. At this other airline, I founded the Flight Attendant Drug and Alcohol Program. I have been successful in leading this program, and while

BrighamR_PlaintiffRecords0772

it is unfortunate that I suffered through these events at Frontier, I did find an opportunity to help prevent others from going through similar events. Drug and alcohol use are unfortunately common in the industry, but recovery is most certainly possible. It is my understanding that Ms. Brigham has also successfully recovered from her alcoholism. It is also my understanding that approximately 5 or 6 other flight attendants suffered stories similar to mine and Ms. Brigham's while I was employed by Frontier.

16. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of July, 2020.

David St. Hilaire (Jul 14, 2020 20:12 EDT)

David St. Hilaire

BrighamR_PlaintiffRecords0773

# 20200714 Declaration of David St. Hilaire

Final Audit Report 2020-07-15

| | |
|---|---|
| Created: | 2020-07-15 |
| By: | John Crone (john@crone-law.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAjWQhMgvvxmTVDSYTZcEmUt3HkyigGbnB |

## "20200714 Declaration of David St. Hilaire" History

- Document created by John Crone (john@crone-law.com)
  2020-07-15 - 0:09:46 AM GMT- IP address: 174.16.180.198

- Document emailed to David St. Hilaire (dsthilaire86@gmail.com) for signature
  2020-07-15 - 0:09:59 AM GMT

- Email viewed by David St. Hilaire (dsthilaire86@gmail.com)
  2020-07-15 - 0:10:19 AM GMT- IP address: 66.249.88.13

- Document e-signed by David St. Hilaire (dsthilaire86@gmail.com)
  Signature Date: 2020-07-15 - 0:12:05 AM GMT - Time Source: server- IP address: 68.119.215.110

- Signed document emailed to David St. Hilaire (dsthilaire86@gmail.com) and John Crone (john@crone-law.com)
  2020-07-15 - 0:12:05 AM GMT

Adobe Sign