

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### Denver Field Office

303 East 17th Avenue, Suite 410
Denver, CO 80203
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Denver Direct Dial: (303) 866-1359
FAX (303) 866-1085
Website: www.eeoc.gov

EEOC Charge No.: **32A-2016-00322**

Rebecca Brigham                    Charging Party
10148 Green Road
Goodrich, MI 48438

Frontier Airlines, Inc.            Respondent
7001 Tower Road
Denver, CO 80249

## DETERMINATION

On behalf of the U.S. Equal Employment Opportunity Commission ("Commission"), I issue the following determination on the merits of the subject charge under Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq. (ADA). Respondent ("Frontier Airlines") is an employer within the meaning of the ADA. All requirements for coverage have been met.

Charging Party was employed as a Flight Attendant with Respondent from May 2007 until she was discharged on November 11, 2015. Charging Party is an individual with a disability within the meaning of the ADA. Beginning in June 2015, Charging Party requested a reasonable accommodation based on her disability, of not working layovers or overnight flights. The Respondent denied Charging Party's request. Charging Party presented the Respondent with medical documentation, a treatment plan, and her own explanation of why this accommodation was necessary for her continued employment. Charging Party presented several possible accommodations to the Respondent for consideration, which had the support of the Vice President of the Flight Attendants' union.

Respondent rejected Charging Party's proposed accommodations, and Respondent subjected Charging Party to its dependability policy when Charging Party had to miss work due to her disability. Respondent stated that Charging Party had not met the requirements of her Family and Medical Leave Act (FMLA) certification by missing work. Charging Party implored the Respondent to accommodate her because she was missing work due to her disability. Between June 2015 and her discharge in November 2015, Charging Party communicated to Respondent's Human Resources Manager, her In-Flight Managers, and the Respondent's Leave of Absence Department, that she was being penalized for missing work due to her disability; Charging Party continued to request a reasonable accommodation.

Respondent failed to engage in an interactive process with Charging Party regarding her request for a reasonable accommodation and instead discharged her based on poor attendance.

Based upon a review of the evidence gathered from Respondent and Charging Party, I conclude that the Respondent violated the ADA when Charging Party was denied a reasonable accommodation and discharged.

The Commission makes no finding regarding any other allegation made in the charge.

This determination is final. The ADA requires that, if the Commission determines that there is reasonable cause to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion. Having determined that there is reason to believe that violations have occurred, the Commission now invites Respondent to join with it in an effort toward a just resolution of this matter. Disclosure of information obtained by the Commission during the conciliation process may only be made in accordance with the confidentiality provisions of the ADA and the Commission's Procedural Regulations.

You are hereby reminded that Federal Law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in the Commission's investigation is also prohibited. The protections apply regardless of the Commission's determination on the merits of the charge.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

On Behalf of the Commission:

June 04, 2019

_____
Date

Amy Burkhalder, Director
Denver Field Office