1

**FRONTIER AIRLINES / GERARDO ARELLANO - July 13, 2020**

```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF COLORADO

Civil Action No.:  19-cv-03417-WJM-STV
_____

REBECCA BRIGHAM,

Plaintiff,

v.

FRONTIER AIRLINES, INC.,
a Colorado corporation,

Defendant.
_____

   VIDEOTAPED VIDEOCONFERENCE 30(B)(6) DEPOSITION OF
               FRONTIER AIRLINES, INC.,
      THROUGH THE TESTIMONY OF GERARDO ARELLANO
                    July 13, 2020
_____
```

        PURSUANT TO NOTICE and the Federal Rules of Civil Procedure, the videotaped videoconference 30()b)(6) deposition of FRONTIER AIRLINES, through the testimony of GERARDO ARELLANO, whose identity has been verified by the court reporter, was taken on behalf of the Plaintiff on July 13, 2020, commencing at 9:01 a.m., before Jill S. Nielsen, Registered Professional Reporter and Notary Public within the state of Colorado.

(The reporter, Jill S. Nielsen, appearing remotely via videoconference.)

**ROCKY MOUNTAIN REPORTING**
**(720) 872-9910**

# EXHIBIT G

1  active status as deemed by the HR department.
2            Active status is anybody not on a
3  continuous leave of absence.  And so in Rebecca's
4  case, she was considered to be active, and so -- and,
5  therefore, then that triggers rules and regulations
6  associated with bidding in the contract.
7            And so in that moment was she eligible to
8  bid for a regular site?  No, because she had a bid
9  for a line of flying.  And so how -- we have to carve
10 out that question to -- to then take a position.
11      Q.   Yeah, but was she -- but was she requesting
12 to bid differently?  I -- I -- I was asking about the
13 request to -- to work at the GO instead of her normal
14 duties, so to be reassigned.
15      A.   Yeah, but you were asking if it was a
16 violation of the contract.
17      Q.   Correct.
18      A.   And so in order for me to respond, at that
19 moment, she was considered an active employee.
20      Q.   Okay.
21      A.   So as an active employee, she had to then
22 follow the requirements of eligible to bid in order
23 to bid for a line.  So in that point, it made her not
24 eligible for a temporary ground assignment.  And so
25 it's not -- it's hard for me to answer yes or no to

1  consideration the collective bargaining agreement; is
2  that fair?
3       A.   In -- in one moment -- in one factor, I
4  should say, but it's also looking at her status.
5  We have to look at her status to make that
6  determination.  And her status goes, then, back to
7  the contract.  If she's an active employee per the
8  collective bargaining agreement, she's required to
9  submit a bid.
10      Q.   Okay.
11      A.   And if she then doesn't submit a bid, then
12 other pieces then kick in.  And so it's kind of a --
13 that's how we need to determine -- it all goes back
14 to what was her status at the time?
15      Q.   Yeah.
16      A.   So if she was on intermittent FMLA leave,
17 she was not considered to be on a leave of absence;
18 therefore, making her an active individual, an active
19 bidder.
20      Q.   Okay.  Do you happen to know -- can you
21 recall what other provisions of the collective
22 bargaining agreement are then triggered by this
23 request?
24      A.   Yes.  The -- basically, it comes out to
25 eligible to bid.  If she's eligible to bid, then at

1  Q. Okay. Now, was Ms. Brigham, as part of her
2  request for a modified schedule -- was she -- did she
3  ask Frontier to be allowed to just bid on that open
4  time so -- in order to -- in order to deal with
5  Frontier's anxiety that -- that the modified schedule
6  might violate the CBA?
7  A. It's a little bit different. It's not that
8  you bid for open time. You can pick up trips in open
9  time. Open time is not seniority-based. It's first
10 come first serve.
11 Q. So -- so Ms. Brigham could have built her
12 schedule solely from open time?
13 A. Open time is only allowed in certain
14 circumstances, and people who have access to that,
15 essentially, were not allowed to bid.
16     And so if you're returning from a leave of
17 absence and you didn't have an opportunity to submit
18 a bid, then you had the opportunity -- meaning
19 continuously, I should say -- then you would have
20 the ability -- to not penalize them, you would have
21 the opportunity to then pick up trips out of open
22 time.
23 Q. Okay. See, I'm -- so I guess that's my
24 question is that if Frontier granted Ms. Brigham
25 permission to build her schedule only from open time

FRONTIER AIRLINES / GERARDO ARELLANO - July 13, 2020

```
 1  rather than bid --
 2       A.   Uh-huh.
 3       Q.   -- then the seniority provision in the CBA
 4  would not have been implicated at all?
 5       A.   But you also have to look at her status,
 6  and I think we talked about this earlier.  It's her
 7  active status in the system.
 8            So if an employee is on active status, then
 9  the rules and regulations regarding bidding apply.
10  And so Ms. Brigham was an active flight attendant,
11  so, therefore, she had to follow the rules and
12  regulations outlined under the eligible-to-bid
13  section of the contract --
14       Q.   Do you know --
15       A.   -- therefore, did not --
16       Q.   I'm sorry.  Go ahead.
17       A.   Therefore, did not have access to pick up
18  or build her trips through open time.  That's only
19  for individuals who are considered on leave status in
20  the system.
21       Q.   Yeah.  Do you know if the union requested
22  that Ms. Brigham be allowed to build her schedule
23  from open time?
24       A.   Outside of that document you showed me
25  earlier, no, I was not aware of it.
```

REPORTER'S CERTIFICATE

STATE OF COLORADO         )
                          ) ss.
COUNTY OF DENVER          )

       I, JILL S. NIELSEN, do hereby certify that I am a Registered Professional Reporter and Notary Public within the State of Colorado; that previous to the commencement of the examination, the witness was duly sworn by me to testify to the truth.

       I further certify this deposition was taken remotely in shorthand by me at the time herein set forth, and that it was thereafter reduced to typewritten form, and that the foregoing constitutes a true and correct transcript.

       I further certify that I am not related to, employed by, nor of counsel for any of the parties or attorneys herein, nor otherwise interested in the result of the within action.

       IN WITNESS WHEREOF, I have hereunto affixed my hand and seal this 22nd day of July, 2020.

       My commission expires July 7, 2023.

_____
JILL S. NIELSEN, RPR
Notary Public in and for the
State of Colorado

JILL S. NIELSEN
Notary Public
State of Colorado
Notary ID # 19994018652
My Commission Expires 07-07-2023