IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number: 19-cv-03417-WJM-STV

REBECCA BRIGHAM,

       Plaintiff,

v.

FRONTIER AIRLINES, INC.,
a Colorado corporation,

       Defendant.

## DECLARATION OF ADRIENNE PRINCE

1.    My name is Adrienne Prince, and I possess personal knowledge of all contents contained in this Declaration.

2.    From approximately 2007 through 2015, I am aware that Plaintiff Rebecca Brigham was employed by Frontier Airlines, Inc. ("Frontier") as a flight attendant and a member of the Association of Flight Attendants-CWA, AFL-CIO (the "Union" or the "AFA").

3.    I am also aware that Ms. Brigham suffered from alcoholism, voluntarily disclosed this disability to Frontier, and underwent inpatient treatment. When Ms. Brigham returned to the workplace, the Union assisted her in seeking accommodations for her disability.

4.    During this time period, late 2014 through 2015, I was Vice President of the AFA, and in that capacity, I requested accommodations from Frontier on behalf of Ms. Brigham.

5. Primarily, the Union sought accommodations that would alter Ms. Brigham's work schedule to avoid long layovers. Without this type of accommodation, Ms. Brigham's only option to avoid long layovers was to use intermittent FMLA time; however, this time would eventually run out. It is my understanding that Ms. Brigham, who was denied this requested accommodation, did eventually exhaust her intermittent FMLA time which led to Frontier terminating Ms. Brigham for attendance issues.

6. Frontier claimed the requested accommodation would violate the seniority provision in the collective bargaining agreement, and therefore, never granted the accommodation. However, I explained to Frontier that the Union was not seeking an accommodation that would violate the seniority provision, but rather, would work *within* the seniority provision. In other words, the Union requested that Ms. Brigham be allowed to bid for shifts within her existing seniority to avoid layovers as much as possible, and with regard to whatever shifts were leftover containing layovers and assigned to Ms. Brigham, the Union proposed a method by which Ms. Brigham could have traded, swapped or dropped these shifts in compliance with the collective bargaining agreement.

7. In any event, Frontier refused to grant this accommodation, nor did Frontier offer any solution of its own. Eventually, Ms. Brigham was terminated as she had no way to effectively cover her shifts that called for long layovers.

8. I declare under penalty of perjury that the foregoing is true and correct. Executed this 13 day of March, 2020.

_____
Adrienne Prince