**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action Number: 19-cv-03417-WJM-STV

REBECCA BRIGHAM,

        Plaintiff,

v.

FRONTIER AIRLINES, INC.,
a Colorado corporation,

        Defendant.

---

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

Plaintiff, by and through the undersigned, hereby submits *Plaintiff's Reply in Support of Motion for Partial Summary Judgment*. As there remain no genuinely disputed issues of material fact with regard to: (a) whether Plaintiff was a qualified individual with a disability under the ADA; and (b) whether Defendant violated the ADA when it denied Plaintiff's request to be temporarily reassigned as a reasonable accommodation, Plaintiff respectfully requests the Court grant her Motion in its entirety.

## I.    INTRODUCTION

The majority of Defendant's arguments set forth in response to Plaintiff's Motion are advanced in Defendant's Motion for Summary Judgment and addressed by Plaintiff in her response to the same. Therefore, Ms. Brigham incorporates her legal and factual arguments made in her

Response to Defendant's Motion for Summary Judgment [Dkt. 44] and attempts to limit this brief to any issues that may not be sufficiently addressed in the Parties' prior briefing.

## II.     REPLY CONCERNING UNDISPUTED FACTS

2.      Defendant's assertion that Ms. Brigham exhibited a "pattern of attendance issues" is without basis. Pl.'s Resp. to Def.'s Mot. for Summary Judgment [Dkt. 44] at 6-7. Defendant also advances a curious argument that Ms. Brigham's performance is "not material to any legal claim" because, apparently, performance and attendance are unrelated. Of course, Ms. Brigham disagrees as stated and cited in her Motion and Response briefing.

3.      While Frontier now argues that "such warnings were disciplinary in nature," the actual "reminders" issued to Plaintiff state differently. Pl.'s Mot. at 4, ¶ 3. Moreover, Plaintiff's recollection of whether or not flight attendants tried to strike over Defendant's attendance policy is admissible. Fed. R. Evid. 402.

7.      Defendant's assertion that "alcoholism has not substantially limited [Ms. Brigham's] ability to perform a major life activity" is without basis. Dkt. 44 at 7-10.

9.      Defendant's assertion that Ms. Brigham was not capable of performing the essential functions of her job with a reasonable accommodation is without basis. Dkt. 44 at 7-10.

10.     Defendant's denial in its briefing is inconsistent with its deposition testimony and represents an attempt to ignore Defendant's straightforward testimony that alcoholism is a disability under the ADA, and Plaintiff suffers from the same.

11.     The existence of Plaintiff's disability as defined under the ADA is well established in her Motion and in her Response to Defendant's Motion for Summary Judgment. Dkt. 44 at 7-10.

12. Defendant's current interpretation of Ms. Brigham's treatment plan is strained, and Defendant is unable to point to any evidence in the factual record demonstrating that Defendant interpreted Ms. Brigham's treatment as not requiring her to avoid overnight layovers during the relevant time period.

13. Defendant's denial does not comport with the factual record presented by Plaintiff, which includes contemporaneous evidence and more recent deposition testimony from Defendant.

15. Frontier's own deposition testimony cited by Ms. Brigham establishes that Ms. Brigham's factual assertions are undisputed.

16. Certain of Frontier's denials are legal arguments as opposed to addressing the substance of Plaintiff's factual allegations. Where Frontier "admits" Plaintiff's factual allegations it does so against its own unequivocal deposition testimony in that it states: "Frontier denied Plaintiff's request because there were no vacant positions in the GO." Frontier never provided this reasoning in its deposition instead claiming the only reason for the denial was: "she wasn't part of the work comp program."

17. In Defendant's denial, it points out various ways in which it could have accommodated Ms. Brigham's request to be temporarily transferred to the GO given its belief that "active" flight attendants could not be transferred to positions within the GO: "Flight attendants were considered inactive and therefore, ineligible to bid if they have been granted . . . Leave of Absence . . . Medical Leave . . . Family Medical Leave Act Leave . . . OJI Leave, etc." Def.'s Resp. at 17, n.4; *see also* Dkt. 44 at 17, 20-21.

18. Defendant's denial is contrary to a commonsense interpretation of the evidence attached to Plaintiff's Motion. *See also* Dkt. 44 at 39-40 (explaining how Defendant's argument

that Plaintiff was not seeking an open position through her request for reasonable accommodation is without merit).

19. Defendant's denial is without factual basis. One need only look at the first tab of Defendant's spreadsheet to find an inflight employee, *i.e.*, a flight attendant, that was offered a "modif[ied] work schedule" *and* the opportunity to "explore other positions within Frontier." Ex. 11 at Tab 2012 (Plaintiff is not citing this flight attendant's name as Ex. 11 was filed restricted). Additional examples of flight attendants being offered "modif[ied] work schedules" or the opportunity to "explore other positions within Frontier" exist within Exhibit 11 at Tabs 2013, 2014, 2015, and 2016.

20. Again, Defendant's denial is without factual basis. *See* Para. 19 above.

21. Defendant's assertion that it provided Plaintiff with "proposed additional reasonable accommodations" is without merit. Dkt. 44 at 13-16.

22. Mr. Hilaire's Declaration is admissible. Fed. R. Evid. 402. Moreover, Defendant's cited case, *Parker v. Nat'l R.R. Passenger Corp.*, stands for the same proposition as Mr. Hilaire was employed by Frontier during the relevant time period, in the same position, and supervised by the same decision makers at issue in this lawsuit. Pl.'s Mot. at 13, ¶ 22.

23. Defendant's objections to this evidence fail for the same reasons stated in Paragraph 22 above.

24. Defendant's objection to this evidence is summed as follows: "the Determination is inadmissible because it lacks probative value and is instead, highly prejudicial." Def.'s Resp. at 14, ¶ 24. Thus, Defendant is not arguing that EEOC determinations are never admissible just that they may *sometimes* fail Rule 403's balancing test. Here, all of Defendant's arguments as to the

supposed unduly prejudicial nature of the EEOC's Determination in this case are without factual merit. Dkt. 44 at 13-16, 21-23. As such, this evidence is proper for the Court to consider upon summary judgment.

### III. LEGAL STANDARD

The Parties do not appear to disagree over the general analytical framework that should apply to review of motions made under Federal Rule of Civil Procedure 56.

### IV. ARGUMENT

Because there are no genuinely disputed issues of material fact with regard to: (a) whether Plaintiff was a qualified individual with a disability under the ADA; and (b) whether Defendant violated the ADA when it denied Plaintiff's request to be temporarily reassigned as a reasonable accommodation, Plaintiff seeks summary judgment on the same.

#### A. Plaintiff is a qualified individual with a disability under the ADA.

Defendant's arguments in this regard rely upon inapposite law and an improper view of the factual record in this case. Nearly all of Defendant's arguments are either addressed in Plaintiff's Motion or in Plaintiff's Response to Defendant's Motion for Summary Judgment [Dkt. 44], which is incorporated herein.

Moreover, Defendant's argument that "Plaintiff's 'regarded as' and 'record of' disability theories are not properly before the Court and therefore, should not be considered given that they were not pled in Plaintiff's Complaint" is without merit. Def.'s Mot. at 21-22. Plaintiff pled that she was disabled within the meaning of the ADA and entitled to the ADA's benefits and protections. *See generally* Pl.'s Compl. and Jury Demand [Dkt. 1]. In her Complaint, Ms. Brigham never limited herself to any narrower theory to assert she fit the definition of "disabled." Id. The

ADA unquestionably defines a person with a disability under the ADA as an individual who: (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of such impairment; or (3) is regarded as having such an impairment. *Mestas*, Case No. 17-8092, at *5 (citing 42 U.S.C. § 12102(1)).

Now, Defendant seeks to determine the scope of Plaintiff's Complaint by unilaterally declaring that Plaintiff may only seek to establish her disability through the "substantially limits" prong. Def.'s Mot. at 21-22. This does not comport with Plaintiff's pleading or the ADA's requirement that whether a person has a substantially limiting impairment or that they established a record of such should "construed broadly," *Mestas*, Case No. 17-8092, at *5; and moreover, Defendant's primary cited case in support of its argument is inapposite. *Astorga v. Idahoan Foods, LLC*, Case No. 1:18-cv-000195-DCN, at *8-10 (D. Idaho Aug. 29, 2019) (holding plaintiff could not rely on her anxiety diagnosis as basis for ADA suit because she pled arthritis as the basis).

Further, Defendant continues to rely on law that has been outdated by amendments to the ADA (although in Defendant's Response, at least the reliance is specified). *See, e.g.,* Def.'s Resp. at 25 (citing *Briggs* quoting *Sutton v. United Air Lines, Inc.* despite Sutton being "*overturned due to legislative action*."). Thus, Defendant insists that the "regarded as" analysis requires Ms. Brigham to show that Frontier was aware of her disability *and* regarded her disability as "substantially limiting one or more of her major life activities." Def.'s Resp. at 26. Of course, this is not what the law requires. Pl.'s Mot. at 22-23 ("regarded as" claim requires showing: (1) an actual or perceived impairment; (2) that is neither transitory nor minor; and (3) the employer was aware of and therefore perceived the impairment at the time of the alleged discriminatory action."). Plaintiffs statement of the law is consistent with the current Code of Federal Regulations defining

the same. *See* 29 C.F.R. § 1630.2(l)(1) ("An individual is 'regarded as having such an impairment' if the individual is subjected to a prohibited action because of an actual or perceived physical or mental impairment, **whether or not that impairment substantially limits, or is perceived to substantially limit, a major life activity**.") (emphasis added).

The remaining of Defendant's arguments asserting that Plaintiff "was not qualified to perform her job as a flight attendant" are well addressed in Plaintiff's Motion, Dkt. 36 at 16-18, and in Plaintiff's Response to Defendant's Motion for Summary Judgment, Dkt. 44 at 26-35. Because the undisputed and material facts demonstrate that Plaintiff is a qualified individual with a disability within the meaning of the ADA, Plaintiff respectfully requests summary judgment on the same.

**B.     Defendant violated the law when it failed to reasonably accommodate Ms. Brigham's request for temporary reassignment.**

Here, Defendant raises no new arguments that are not already addressed in Plaintiff's Motion or Plaintiff's Response to Defendant's Motion for Summary Judgment, which are incorporated herein. Dkt. 36 at 24-28; Dkt. 44 at 37-40. Because the undisputed and material facts demonstrate that Defendant violated the law when it failed to reasonably accommodate Ms. Brigham's request for temporary reassignment, Plaintiff respectfully requests summary judgment on the same.

**V.     CONCLUSION**

For the reasons stated in Plaintiff's Motion, Plaintiff's Response to Defendant's Motion for Summary Judgment, and herein, Plaintiff respectfully requests the Court grant her Motion in its entirety thereby holding: (a) Plaintiff was a qualified individual with a disability under the ADA; and (b) Defendant violated the ADA when it denied Plaintiff's request to be temporarily

reassigned as a reasonable accommodation.

Respectfully submitted this 21st day of December, 2020.

                THE LAW OFFICE OF JOHN R. CRONE, LLC

                /s/ John R. Crone
                John R. Crone
                CO Bar No. 48284
                4550 E Cherry Creek Drive South, #1003
                Glendale, Colorado 80246
                Telephone: (303) 598-3526
                Email: john@crone-law.com
                *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2020, a true and correct copy of the foregoing *Plaintiff's Reply in Support of Motion for Partial Summary Judgment*, including any exhibits, was filed using the CM/ECF system and served electronically upon Defendant through its attorneys of record.

            By:  /s/ John R. Crone
                   John R. Crone