## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 19-cv-03417-WJM-STV

REBECCA BRIGHAM,

      Plaintiff,

v.

FRONTIER AIRLINES, INC.,

      Defendant.

---

### FINAL PRETRIAL ORDER

---

### 1.  DATE AND APPEARANCES

The Final Pretrial Conference was held on February 3, 2021 at 10:30 a.m. in Courtroom A402, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294.

Plaintiff Rebecca Brigham was represented via remote means by John R. Crone, Esq., 4550 E. Cherry Creek Drive South, #1003, Glendale, CO 80246; (303) 598-3526; john@crone-law.com.

Defendant Frontier Airlines, Inc. was represented via remote means by Danielle L. Kitson, Littler Mendelson, P.C., 1900 Sixteenth Street, Suite 800, Denver, CO 80202; (303) 629-6200; DKitson@littler.com.

### 2.  JURISDICTION

The Court has jurisdiction over this case and the parties by virtue of 28 U.S.C. §

1331 and 42 U.S.C. § 12101, *et seq.* as this lawsuit raises a federal question and constitutes a private cause of action under the Americans with Disabilities Act of 1990, as amended (the "ADA").

### 3. CLAIMS AND DEFENSES

a.  Plaintiff:

Plaintiff was first employed as a flight attendant with Defendant Frontier Airlines, Inc. ("Frontier") on or around May 2007. Ms. Brigham found the work interesting, challenging, and appreciated that she could build a career and future with Frontier. Throughout her career, Ms. Brigham remained dedicated to her position assimilating her job as a flight attendant into her personal identity.

Unfortunately, Ms. Brigham's first child was born premature and died on or around May 22, 2009. This exacerbated Ms. Brigham's occasional use of alcohol as a means of relieving stress, anxiety, and feelings of grief such that Ms. Brigham's less frequent indulgences became common. While Ms. Brigham's use of alcohol never interfered with her work performance, she became convinced that she was an alcoholic and required treatment. As such, and toward the end of 2014, Plaintiff voluntarily disclosed her disability to Frontier and checked into an inpatient rehabilitation facility. Ms. Brigham's treatment has been tremendously successfully; her interaction with Frontier during and since this time period has not.

Ms. Brigham repeatedly requested reasonable accommodations from Frontier (in a form recommended by her treatment plan **and** approved by her union) but was repeatedly informed that no accommodations would be granted. Rather than engage in

the interactive process with Ms. Brigham in order to determine which accommodations might be reasonable and attainable, Frontier denied her requests and chose instead to discriminate and retaliate against Plaintiff for having the audacity to proactively confront and disclose her disability. Because Frontier refused Ms. Brigham a reasonable accommodation, indeed it refused to even engage in a good faith interactive process, Ms. Brigham began to involuntarily miss work in attempts to alter her work schedule to avoid long layovers or overnight flights, as required by her treatment plan. Notably, Frontier required, under threat of termination, that Ms. Brigham comply with her treatment plan but then denied her the ability to do so. Frontier's primary defense for its failure to accommodate is that accommodating Ms. Brigham would have caused it to violate a Collective Bargaining Agreement; however, there is no basis in fact or law for taking such a position.

Predictably, Frontier used Ms. Brigham's involuntary absences from work as justification for terminating Plaintiff on or around November 2015. Ms. Brigham complained to the United States Equal Employment Opportunity Commission ("EEOC") about Defendant's unlawful conduct, and the EEOC agreed that Defendant's conduct was indeed unlawful issuing a "cause" determination in Plaintiff's favor. Despite engaging in the EEOC's required conciliation process, the parties were unable to reach a resolution and this lawsuit ensued. Plaintiff has suffered significant damages in the form of back and front-pay, medical expenses, lost benefits, and emotional harm. Ms. Brigham also seeks all other available economic, compensatory, and punitive damages as well as attorney's fees and costs. Ms. Brigham is asserting the following claims pursuant to the ADA: (1)

failure to accommodate; (2) failure to engage in the interactive process; (3) retaliation; and (4) discrimination.

b.    Defendant:

Plaintiff's claim for failure to engage in the interactive process must be dismissed because, as recognized by this Court, it is not an independent basis for liability under the Americans with Disabilities Act as Amended (ADAAA).

Regardless, Frontier had no obligation to engage in the interactive process with Plaintiff or accommodate her under the ADAAA because she was not a qualified individual with a disability. The fact that Plaintiff identifies as an alcoholic or a recovering alcoholic does not automatically render Plaintiff a qualified individual with a disability under the ADAAA and Plaintiff's own unequivocal deposition testimony demonstrates that since getting sober on September 5, 2014, her alcoholism has not substantially limited her ability to perform any major life activities as compared to the average person in the general population. In addition, the Intermittent FMLA ("IFMLA") Certification Forms Plaintiff submitted to Frontier all indicated that Plaintiff was able to perform all functions of her job, certifying her only for purposes of attending "treatment appointments" or to account for episodes of "incapacitation" resulting from her alcoholism.

Even assuming Plaintiff was a qualified individual with a disability, Frontier was not obligated under the ADAAA to provide Plaintiff with the specific accommodation she requested—excusal from flights with layovers, which she feared may tempt her to drink. First, the ADAAA does not require an employer to excuse an employee from performing an essential function of their job and handling flights with layovers was an essential

4

function of Plaintiff's position as a flight attendant. Second, the ADAAA does not require an employer to preemptively protect employees from circumstances that may trigger or aggravate an underlying mental health condition—exactly what Plaintiff was asking of Frontier.

Further, even assuming Frontier could have been obligated to grant Plaintiff the accommodation she sought, as discussed *supra*, Plaintiff failed to provide Frontier with any medical documentation indicating Plaintiff could not cover flights with layovers. While Plaintiff claims a treatment plan authored by her therapist, Marla Madrid, prohibited her from handling flights with layovers, the document to which Plaintiff refers simply states that Plaintiff herself had expressed the concern that she might be tempted to drink on layovers. Therefore, Ms. Madrid indicated that Frontier should not ***"encourage"*** Plaintiff to cover flights with layovers ***"if possible."*** In addition, Frontier required employees who self-disclosed *only* to comply with treatment plans prepared by a DOT certified Substance Abuse Provider (SAP). Nothing in the record indicates Ms. Madrid was Plaintiff's SAP. Further, Plaintiff's claim that Frontier required her to abide by a treatment plan authored by Plaintiff's own therapist based solely upon Plaintiff's own representations, which prohibited Plaintiff from performing a significant and fundamental part of her job as a flight attendant is simply nonsensical.

Further, excusing Plaintiff from covering flights with layovers as Plaintiff requested meant excusing Plaintiff from requirements applicable to all active flight attendants pursuant to Frontier's collective bargaining agreement (CBA) with the flight attendants union, Association of Flight Attendants ("AFA"), including those concerning minimum

hours, bidding, and seniority. Courts, including this one, have consistently held that accommodations that would violate the terms of a bona fide seniority system or CBA are unreasonable. In addition, the ADAAA does not require employers to create temporary light duty positions to accommodate the disabled—exactly what Plaintiff was requesting when she asked to be temporarily transferred to Frontier's General Office (GO).

Despite the fact that Plaintiff was not a qualified individual with a disability, Frontier went above and beyond to try to accommodate Plaintiff's alcoholism. Although Plaintiff's IFMLA Certification Forms only certified her for absences to attend "treatment appointments" or in the event of "incapacitation" resulting from her alcoholism, Frontier allowed Plaintiff to use IFMLA to avoid flights with layovers. In addition, Frontier offered Plaintiff several options for purposes of helping Plaintiff become more secure in her sobriety such that she was more comfortable covering flights with layovers, including applying to increase her IFMLA leave, applying for a non-medical or personal leave, and/or applying to transfer to a vacant position within the company. Plaintiff, however, rejected these alternatives and instead, continued to call out to avoid flights with layovers. If Plaintiff had already exhausted her IFMLA, she would incur "Occurrences" under Frontier's attendance policy (the "Dependability Policy") for such absences.

After admittedly failing to contact Frontier's Leave of Absence Department for approval to use IFMLA for a four (4) day trip scheduled to begin on October 23, 2015 until October 26, 2015, Plaintiff incurred more than enough "Occurrences" to warrant the termination of her employment. Accordingly, Frontier terminated Plaintiff's employment for a legitimate non-discriminatory reason—her violation of company policy.

Frontier's termination of Plaintiff's employment was similarly not retaliatory. Frontier discharged Plaintiff less than ten (10) days following the investigatory meeting with Plaintiff and AFA representative, Adrienne Prince, regarding Plaintiff's violation of Frontier's Dependability Policy after having accommodating Plaintiff's alcoholism for more than a year despite having no obligation to do so.

For these reasons and those set forth in Frontier's summary judgment briefing [Dkt. Nos. 38, 45, and 48], Plaintiff is not entitled to relief against Frontier under the ADAAA and therefore, her claims should be dismissed.

## 4.  STIPULATIONS

a.      Stipulated Facts

1.      Plaintiff was employed by Defendant as a flight attendant from on or about May 24, 2007 until on or about November 11, 2015.

2.      Plaintiff was a member of the flight attendants' union The Association of Flight Attendants ("AFA").

3.      AFA and Frontier were parties to a collective bargaining agreement (CBA).

4.      Ms. Brigham has been sober since September 5, 2014.

5.      On or around September 7, 2014, Ms. Brigham disclosed to Frontier that she had entered an inpatient rehabilitation program for alcoholism.

6.      Frontier granted Plaintiff continuous leave under the Family and Medical Leave Act ("FMLA") to complete the sixty (60) day inpatient program.

7.      Ms. Brigham returned to work as a flight attendant for Frontier in

November 2014.

8.     On or around November 3, 2015, Plaintiff met with Frontier representatives and AFA representative, Adrienne Prince.

9.     On or about November 11, 2015, Frontier informed Plaintiff that it was terminating her employment for incurring ten (10) "Occurrences" within a twelve (12) month period in violation of the Dependability Policy under which eight (8) "Occurrences" subjected an employee to termination.

## 5.  PENDING MOTIONS

Plaintiff's Motion for Partial Summary Judgment [Dkt. 36]

     i.     Filed on **November 17, 2020**
    ii.    Opposed on **December 8, 2020**
   iii.   Reply filed **December 21, 2020**

Defendant Frontier Airlines, Inc.'s Motion for Summary Judgment [Dkt. 38]

     i.     Filed on **November 17, 2020**
    ii.    Opposed on **December 8, 2020**
   iii.   Reply filed **December 21, 2020**

## 6.  WITNESSES

a.     List the nonexpert witnesses to be called by each party.  List separately:

    (1)    Witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

    a.     Plaintiff:

    1.     Rebecca Brigham
        c/o The Law Office of John R. Crone, LLC
        Ms. Brigham will testify in person, and is expected to testify on the basis, nature, and scope of all claims at issue in this case. Additionally, Ms. Brigham will testify regarding the nature and scope of her damages and provide rebuttal testimony, as may be necessary.

8

2.  Sean Brigham
    c/o The Law Office of John R. Crone, LLC
    Mr. Brigham is expected to testify in person on the basis, nature, and scope of Ms. Brigham's claims and damages.

3.  Marla Madrid
    Plaintiff believes Ms. Madrid may be contacted at Comanche Crossing Counseling at: 720-937-2332. Additionally, Plaintiff may facilitate communication with Ms. Madrid. Ms. Madrid is expected to testify in person on the nature and scope of Ms. Brigham's disability, including the nature and scope of Ms. Brigham's treatment plan.

4.  David St. Hilaire
    Plaintiff believes that Mr. Hilaire may be contacted at: dsthilaire86@gmail.com. Mr. Hilaire is expected to testify in person on the nature and scope of Defendant's discrimination and hostile attitude towards individuals, including himself, that suffer from the disability of alcoholism.

5.  Christine Kernen
    Plaintiff believes that Ms. Kernen may be contacted through her attorneys at Holwell Shuster & Goldberg, LLP at: 646-837-8455. Ms. Kernen is expected to testify in person on the nature and scope of Defendant's discrimination and hostile attitude towards individuals requiring accommodations in the workplace.

6.  Defendant Frontier Airlines, Inc.
    c/o Littler Mendelson, P.C.
    Defendant is expected to testify in person regarding the nature and scope of all defenses at issue in this case, as well as the underlying facts regarding same.

7.  Adrienne Prince
    Plaintiff believes Ms. Prince may be contacted at: amlmprince@me.com. Ms. Prince is expected to testify in person regarding the nature and scope of accommodations requested by Ms. Brigham during the relevant time period.

8.  Gerardo Arellano
    c/o Littler Mendelson, P.C.
    Mr. Arellano is expected to testify in person regarding the nature and scope of Defendant's defenses and responses to Ms. Brigham's various requests for reasonable accommodation. Mr. Arellano is also

expected to testify on the reasons for Ms. Brigham's termination.

9.     Stephanie Coppedge
c/o Littler Mendelson, P.C.
Ms. Coppedge is expected to testify in person regarding her knowledge of Ms. Brigham's disability and various requests for accommodation. Ms. Coppedge is also expected to testify as to the reasons for Ms. Brigham's termination.

10.    Shelley Leyner
c/o Littler Mendelson, P.C.
Ms. Leyner is expected to testify in person regarding her knowledge of Ms. Brigham's disability, her various requests for accommodation, and Defendant's reasons for Ms. Brigham's termination.

11.    Plaintiff reserves the right to amend this list as allowed under the Federal Rules and this Court's orders, including without limitation any records custodians that may be necessary for admission of exhibits.

b.     Defendant:

1.     **Plaintiff,** c/o The Law Office of John R. Crone, LLC. Plaintiff is expected to testify in person and via excerpts from her deposition regarding the scope of her claims, the allegations set forth in her Complaint, and the damages she is seeking.

2.     **Gerardo ("Jerry") Arellano**, Sr. Employee/Labor Relations Manager/Special Projects, Frontier, c/o Littler Mendelson, P.C. Mr. Arellano is expected to testify in person regarding Frontier's flight attendant position, including the bidding process, minimum hours, and other requirements set forth in the collective bargaining agreement (CBA) between Frontier and the flight attendants' union of which Plaintiff was a member. Mr. Arellano will also testify regarding Frontier's policies concerning disabilities, on-the-job injuries, and attendance as well as its employee assistance program. In addition, Mr. Arellano is expected to testify regarding Plaintiff's attendance record, including FMLA and other leave taken, Frontier's good faith efforts to engage in the interactive process to accommodate Plaintiff's alcoholism, the termination of Plaintiff's employment, and Frontier's response to Plaintiff's grievance.

The purpose of Mr. Arellano's testimony is to demonstrate that layovers are an essential function of the Frontier flight attendant

position and therefore, that Plaintiff's request to be excused from layovers was a request to be excused from an essential function of her job. In addition, Mr. Arellano's testimony is intended to demonstrate that allowing Plaintiff to build her own schedule or excusing her from the bidding process would have violated the CBA or infringed upon the rights of other flight attendants with more seniority than Plaintiff. Further, Mr. Arellano's testimony is intended to demonstrate that Frontier offered Plaintiff alternative reasonable accommodations, including additional leave, which Plaintiff refused and went above and beyond to accommodate Plaintiff's alcoholism by allowing her to exceed her intermittent FMLA Leave without penalizing her and to use it for a purpose unsupported by the FMLA certifications prepared by her therapist. Finally, Mr. Arellano's testimony will demonstrate that Frontier terminated Plaintiff for a legitimate, non-retaliatory, and non-discriminatory reason—her violation of its attendance policy and related protocols.

(2)     Witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A)); and

a.     Plaintiff:

1.     At this time, Plaintiff identifies no "may call" witnesses, but reserves the right to amend this list as allowed under the Federal Rules and this Court's orders.

b.     Defendant:

1.     **Adrienne Prince,** Flight Attendant, Frontier, c/o Joshua Corder Souk, Esq., Associate of Flight Attendants-CWA, 501 3rd Street, NW, Floor 10, Washington, DC 20001, 202.434.0579. Ms. Prince is expected to testify in person regarding Frontier's good faith efforts to engage in the interactive process to accommodate Plaintiff's alcoholism, the union's involvement in the interactive process to accommodate Plaintiff's alcoholism, whether certain accommodations would have violated the CBA between Frontier and Frontier flight attendants' union, and Plaintiff's grievance.

The purpose of Ms. Prince's testimony is to demonstrate that certain accommodations requested by Plaintiff would have violated the CBA and/or infringed upon the rights of other Frontier flight attendants with greater seniority than Plaintiff, that the flight attendants' union never proposed or intended that Frontier offer Plaintiff any accommodation that would violate the CBA, excuse Plaintiff from certain

requirements set forth in the CBA, or infringe upon the rights of other Frontier flight attendants with greater seniority than Plaintiff. In addition, Ms. Prince's testimony is intended to demonstrate that Plaintiff had violated Frontier's attendance policy and related protocols.

(3)    Witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

a.    Plaintiff:

1.    At this time, Plaintiff identifies no testimony to be presented by means of deposition, but reserves the right to amend this list as allowed under the Federal Rules and this Court's orders.

b.    Defendant:

1.    At this time, Frontier does not identify any witnesses where testimony is expected to be presented entirely by means of a deposition. Frontier anticipates that it will present certain excerpted testimony from Plaintiff's video-taped deposition. Frontier reserves the right to identify any such further witnesses or testimony at a later date as permitted by the Federal Rules of Civil Procedure and this Court.

b.    List the expert witnesses to be called by each party.  List separately:

(1)    Witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

a.  Plaintiff:

1.    Matthew S. Kaiser, B.A., J.D.
Mr. Kaiser may be contacted at Pacey Economics, Inc. at: 303-530-5333. Mr. Kaiser is expected to testify in person as an expert on the topic of Ms. Brigham's past and future economic damages.

b.  Defendant:

1.    Glenn W. Perdue, MBA, CVA, MAFF, CLP, 555 Great Circle Road, Nashville, TN 37228, 615.242.7351. Mr. Perdue is expected to testify in person for purposes of providing expert testimony to rebut Mr. Kaiser's opinions concerning Plaintiff's alleged economic damages.

(2)     Witnesses who may be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)); and

a.  Plaintiff:

None

b.  Defendant:

None

(3)     Witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

a.  Plaintiff:

None

b.  Defendant:

None

## 7.  EXHIBITS

(1)     Plaintiff(s):

1.     Memorandum dated November 17, 2008 Regarding Four Sick Instances Reminder, FRONTIER AIRLINES (R. BRIGHAM) – 0001117,
[NOT STIPULATED]

2.     Frontier Airlines Job Description for Flight Attendant, FRONTIER AIRLINES (R. BRIGHAM) – 0000093,
[STIPULATED]

3.     Comanche Crossing Counseling, LLC Diagnostic Intake Summary and Treatment Plant, BrighamR_PlaintiffRecords1029,
[NOT STIPULATED]

4.     Treatment Plan, BrighamR_PlaintiffRecords0188,
[NOT STIPULATED]

5.    Letter to Ms. Brigham Regarding Completion of Substance Abuse Program, FRONTIER AIRLINES (R. BRIGHAM) – 0000577, [STIPULATED]

6.    Collective Bargaining Agreement, FRONTIER AIRLINES (R. BRIGHAM) – 0000815, [STIPULATED]

7.    Tabs 2012-16, FRONTIER AIRLINES (R. BRIGHAM) – 0004442, [NOT STIPULATED]

8.    EEOC Determination, BrighamR_PlaintiffRecords0022, [NOT STIPULATED]

9.    Expert Report of Matthew S. Kaiser, B.A., J.D., BrighamR_PlaintiffRecords0708, [NOT STIPULATED]

10.   Frontier's Voluntary Self-Disclosure Process, BrighamR_PlaintiffRecords0134, [NOT STIPULATED]

11.   InFlight Dependability Performance Counseling Record, BrighamR_PlaintiffRecords0138, [NOT STIPULATED]

12.   Memorandum to Plaintiff Regarding Dependability Record, BrighamR_PlaintiffRecords0139, [NOT STIPULATED]

13.   Memorandum to Plaintiff Regarding Four Instances Sick Reminder, BrighamR_PlaintiffRecords0140, [NOT STIPULATED]

14.   Memorandum to Plaintiff Regarding Four Instances Sick Reminder, BrighamR_PlaintiffRecords0141, [NOT STIPULATED]

15.   InFlight Performance Counseling Record, BrighamR_PlaintiffRecords0142, [NOT STIPULATED]

16.   Memorandum to Plaintiff Regarding Sick Instances,

BrighamR_PlaintiffRecords0143,
[NOT STIPULATED]

17.   Memorandum to Plaintiff Regarding Sick Instances,
BrighamR_PlaintiffRecords0144,
[NOT STIPULATED]

18.   InFlight Performance Counseling Record,
BrighamR_PlaintiffRecords0145,
[NOT STIPULATED]

19.   Attendance Warning, BrighamR_PlaintiffRecords0146,
[NOT STIPULATED]

20.   Attendance Warning, BrighamR_PlaintiffRecords0147,
[NOT STIPULATED]

21.   Attendance Warning, BrighamR_PlaintiffRecords0148,
[NOT STIPULATED]

22.   Attendance Warning, BrighamR_PlaintiffRecords0149,
[NOT STIPULATED]

23.   Attendance Warning, BrighamR_PlaintiffRecords0150,
[NOT STIPULATED]

24.   InFlight Performance Counseling Record,
BrighamR_PlaintiffRecords0151,
[NOT STIPULATED]

25.   Attendance Warning, BrighamR_PlaintiffRecords0152,
[NOT STIPULATED]

26.   Attendance Warning, BrighamR_PlaintiffRecords0153,
[NOT STIPULATED]

27.   Attendance Warning, BrighamR_PlaintiffRecords0154,
[NOT STIPULATED]

28.   Attendance Warning, BrighamR_PlaintiffRecords0155,
[NOT STIPULATED]

29.   Attendance Warning, BrighamR_PlaintiffRecords0156,
[NOT STIPULATED]

30. FMLA Certification, BrighamR_PlaintiffRecords0157, [STIPULATED]

31. FMLA Certification, BrighamR_PlaintiffRecords0162, [STIPULATED]

32. FMLA Certification, BrighamR_PlaintiffRecords0166, [STIPULATED]

33. Reasonable Accommodation Request, BrighamR_PlaintiffRecords0170, [STIPULATED]

34. Email Thread between Arellano and Coppedge, BrighamR_PlaintiffRecords0173, [STIPULATED]

35. Email Thread between Plaintiff and LOA, BrighamR_PlaintiffRecords0174, [STIPULATED]

36. Letter to Plaintiff Regarding Investigatory Meeting, BrighamR_PlaintiffRecords0175, [STIPULATED]

37. Termination Letter, BrighamR_PlaintiffRecords0176, [STIPULATED]

38. Letter Regarding Denial of Grievance, BrighamR_PlaintiffRecords0177, [STIPULATED]

39. Posts to AFA Frontier Regarding Dependability Policy, BrighamR_PlaintiffRecords0207, [NOT STIPULATED]

40. FMLA Certification, BrighamR_PlaintiffRecords0270, [STIPULATED]

41. Email Thread between Plaintiff and LOA, BrighamR_PlaintiffRecords0274, [NOT STIPULATED]

42.    Email Thread between Plaintiff and Cassandra Micklich, BrighamR_PlaintiffRecords0285, [STIPULATED]

43.    Email Thread between Plaintiff and LOA, BrighamR_PlaintiffRecords0287, [STIPULATED]

44.    Email Thread between Plaintiff and LOA, BrighamR_PlaintiffRecords0288, [STIPULATED]

45.    Email Thread between Plaintiff and LOA, BrighamR_PlaintiffRecords0290, [STIPULATED]

46.    Email Thread between Plaintiff and LOA, BrighamR_PlaintiffRecords0294, [STIPULATED]

47.    Email Thread between Plaintiff and LOA, BrighamR_PlaintiffRecords0296, [NOT STIPULATED]

48.    Email Thread between Plaintiff and LOA, BrighamR_PlaintiffRecords0298, [NOT STIPULATED]

49.    Email Thread between Plaintiff and Union Representative, BrighamR_PlaintiffRecords0299, [NOT STIPULATED]

50.    Frontier Employee Handbook, BrighamR_PlaintiffRecords0302, [NOT STIPULATED]

51.    FMLA Certification, BrighamR_PlaintiffRecords0306, [STIPULATED]

52.    W-2 Earnings Summaries, BrighamR_PlaintiffRecords0646, [STIPULATED]

53.    Flight Attendant Performance Tracker, BrighamR_PlaintiffRecords0656, [STIPULATED]

54.     Compliment Letters, BrighamR_PlaintiffRecords0700,
        [NOT STIPULATED]

55.     Ceridian Reports, BrighamR_PlaintiffRecords0704,
        [STIPULATED]

56.     Facebook Post and Comment, BrighamR_PlaintiffRecords0767,
        [NOT STIPULATED]

57.     Text Messages with Stephanie Coppedge,
        BrighamR_PlaintiffRecords0775,
        [NOT STIPULATED]

58.     Email Thread between Arellano and Micklich, FRONTIER
        AIRLINES (R. BRIGHAM) – 0000134,
        [STIPULATED]

59.     Email Thread between Arellano and Thomson, FRONTIER
        AIRLINES (R. BRIGHAM) – 0000132,
        [STIPULATED]

60.     Email Thread between Arellano and Leyner, FRONTIER AIRLINES
        (R. BRIGHAM) – 0000131,
        [STIPULATED]

61.     Investigation Notes/Tracking Form, FRONTIER AIRLINES (R.
        BRIGHAM) – 0000130,
        [NOT STIPULATED]

62.     Email Thread between Arellano, Rush, and Coppedge, FRONTIER
        AIRLINES (R. BRIGHAM) – 0000138,
        [STIPULATED]

63.     Email Thread between Arellano and Leyner, FRONTIER AIRLINES
        (R. BRIGHAM) – 0000147,
        [STIPULATED]

64.     Email Thread between Arellano and Leyner, FRONTIER AIRLINES
        (R. BRIGHAM) – 0000155,
        [STIPULATED]

65.     Email Thread between Arellano and Coppedge, FRONTIER
        AIRLINES (R. BRIGHAM) – 0000191,
        [STIPULATED]

66. Email Thread between Micklich and Arellano, FRONTIER AIRLINES (R. BRIGHAM) – 0000168,
[STIPULATED]

67. Email Thread between Thomson, Coppedge, Arellano, and Rush, FRONTIER AIRLINES (R. BRIGHAM) – 0000178,
[STIPULATED]

68. Email Thread between Arellano and Leyner, FRONTIER AIRLINES (R. BRIGHAM) – 0000157,
[STIPULATED]

69. Email Thread between Arellano and Coppedge, FRONTIER AIRLINES (R. BRIGHAM) – 0000158,
[STIPULATED]

70. Email Thread between Leyner and Arellano, FRONTIER AIRLINES (R. BRIGHAM) – 0000161,
[STIPULATED]

71. Union Submission to BOA, FRONTIER AIRLINES (R. BRIGHAM) – 0000209,
[NOT STIPULATED]

72. Defendant's Objections and Responses to Plaintiff's First Set of Written Discovery,
[NOT STIPULATED]

73. Defendant's Objections and Responses to Plaintiff's Second Set of Written Discovery,
[NOT STIPULATED]

74. Defendant's Objections and Responses to Plaintiff's Third Set of Written Discovery,
[NOT STIPULATED]

75. EAP Program, FRONTIER AIRLINES (R. BRIGHAM) – 0000429,
[STIPULATED]

76. SACM Authorization, FRONTIER AIRLINES (R. BRIGHAM) – 0000495,
[STIPULATED]

77.     Email Thread between Leyner, Arellano, and Aragon, FRONTIER
        AIRLINES (R. BRIGHAM) – 0000498,
        [NOT STIPULATED]

78.     Ceridian Release, FRONTIER AIRLINES (R. BRIGHAM) –
        0000507,
        [STIPULATED]

79.     Letter from Arellano to Plaintiff Regarding Self-Disclosure
        Obligations, FRONTIER AIRLINES (R. BRIGHAM) – 0000524,
        [STIPULATED]

80.     Letter to Plaintiff Regarding Completion of SAP, FRONTIER
        AIRLINES (R. BRIGHAM) – 0000577,
        [STIPULATED]

81.     SAP Assessment Report, FRONTIER AIRLINES (R. BRIGHAM) –
        0000578,
        [STIPULATED]

82.     Ceridian Compliance Report, FRONTIER AIRLINES (R. BRIGHAM)
        – 0000590,
        [STIPULATED]

83.     Ceridian Compliance Report, FRONTIER AIRLINES (R. BRIGHAM)
        – 0000591,
        [STIPULATED]

84.     Ceridian Compliance Report, FRONTIER AIRLINES (R. BRIGHAM)
        – 0000593,
        [STIPULATED]

85.     Email Thread between Arellano, Peter, and Zeier, FRONTIER
        AIRLINES (R. BRIGHAM) – 0000598,
        [STIPULATED]

86.     Dependability Program, FRONTIER AIRLINES (R. BRIGHAM) –
        0004471,
        [NOT STIPULATED]

87.     Email Thread between Arellano, Rush, Leyner, Thompson,
        Coppedge, and Warfield, FRONTIER AIRLINES (R. BRIGHAM) –
        0004892,
        [STIPULATED]

88. Email Thread between Arellano and Leyner, FRONTIER AIRLINES (R. BRIGHAM) – 0004893,
[STIPULATED]

89. Email Thread between Arellano and Coppedge, FRONTIER AIRLINES (R. BRIGHAM) – 0004896,
[STIPULATED]

90. Employee Handbook, FRONTIER AIRLINES (R. BRIGHAM) – 0000246,
[STIPULATED]

91. Reasonable Accommodations Requested and Denied, FRONTIER AIRLINES (R. BRIGHAM) – 0004809,
[STIPULATED]

92. Email Thread between Plaintiff and LOA, FRONTIER AIRLINES (R. BRIGHAM) – 0001336,
[STIPULATED]

93. Email Thread between Arellano and Leyner, FRONTIER AIRLINES (R. BRIGHAM) – 0004902,
[NOT STIPULATED]

94. Contents of All Notes from this Case in WCCMS, FRONTIER AIRLINES (R. BRIGHAM) – 0004819,
[NOT STIPULATED]

95. Plaintiff reserves the right to amend this list as allowed under the Federal Rules and this Court's orders.

(2)   Defendant(s):

| Bates Range | Description |
|---|---|
| Frontier Airlines (R. Brigham) - 0001394-1395 | FMLA Designation Notice Dated September 16, 2014 [STIPULATED] |
| Frontier Airlines (R. Brigham) - 0001624-1630 | Fitness for Duty Certification Dated November 8, 2014 [STIPULATED] |
| Frontier Airlines (R. Brigham) - 0004175-4179 | Certification of Healthcare Provider Dated June 2, 2015 [STIPULATED] |

| | |
|---|---|
| Frontier Airlines (R. Brigham) - 0000095 | 10/27/15 E-mail from Leyner to Inflight DIA MGR, cc Arellano [STIPULATED] |
| Frontier Airlines (R. Brigham) - 0000134-135 | E-mail from Arellano to Micklich Dated 7/15/15 [STIPULATED] |
| Frontier Airlines (R. Brigham) - 0000149-150 | 10/6/15 E-mail from Arellano, Thompson, and Warfield [STIPULATED] |
| Frontier Airlines (R. Brigham) - 0001399 | 9/5/14 Email from JaJuan Williams to Leyner, cc Aragon [STIPULATED] |
| Frontier Airlines (R. Brigham) - 0001863-1864 | Frontier Airlines Job Description [STIPULATED] |
| Frontier Airlines (R. Brigham) - 0004200-4201 | Email from Arellano to Leyner Dated 9/28/15 [STIPULATED] |
| Frontier Airlines (R. Brigham) - 0004205-4207 | Email chain, top e-mail from Arellano to Leyner, 9/21/14 [STIPULATED] |
| Frontier Airlines (R. Brigham) - 0000063-65 | 10/4/12 Letter To Whom It May Concern from Dr. Volin; 5/30/13 Letter To Whom It May Concern from Dr. McCrann; 12/22/13 Note from Presbyterian/St. Luke's [STIPULATED] |
| Brigham LM 0000001-17 | Transcription of Meeting Dated June 4, 2015 [STIPULATED] |
| Brigham LM 0000018-38 | Transcription of Meeting Dated October 9, 2015 [STIPULATED] |
| Brigham LM 0000039-46 | Transcription of Meeting Dated November 3, 2015 [STIPULATED] |
| BrighamR_PlaintiffRecords0647 | 2016 W-2 from Great West Painting and Repair [STIPULATED] |
| BrighamR_PlaintiffRecords0648 | 2016 W-2 from EmployerBridge Southwest [STIPULATED] |
| BrighamR_PlaintiffRecords0649 | 2017 W-2 from Great West Painting and Repair [STIPULATED] |
| BrighamR_PlaintiffRecords0650 | 2018 W-2 from Great West Painting and Repair [STIPULATED] |
| BrighamR_PlaintiffRecords0651 | 2015 1099-G from Colorado Department of Labor and Employment [STIPULATED] |

| | |
|---|---|
| Frontier Airlines (R. Brigham) - 0001115-1133 | Personnel Docs – Undated [STIPULATED] |
| Frontier Airlines (R. Brigham) - 0001138-1142 | Certification of Healthcare Provider for Employee's Serious Health Condition (Family and Medical Leave Act) Dated September 11, 2014 [STIPULATED] |
| Frontier Airlines (R. Brigham) - 0001427-1433 | Fax Cover Sheet Dated November 8, 2014, from Mr. Riemann re: Rebecca Brigham Release [STIPULATED] |
| Frontier Airlines (R. Brigham) - 0001449-1469 | Email from 'LOA Frontier Employees' to R. Brigham Dated January 22, 2014 [STIPULATED] |
| Frontier Airlines (R. Brigham) - 0000238 | Termination Letter Dated November 11, 2015 [STIPULATED] |
| Frontier Airlines (R. Brigham) - 0000815-958 | Collective Bargaining Agreement Dated 2011-2016 [STIPULATED] |
| Frontier Airlines (R. Brigham) - 0004475 | Grievance Withdrawal Letter Dated November 18, 2016 [STIPULATED] |
| BrighamR_PlaintiffRecords1113 | Email thread between Plaintiff and Kim Mayne-Sasser re layovers dated 08/23/15 [STIPULATED] |
| BrighamR_PlaintiffRecords0703 | Document Entitled "Untitled" (Requesting Accommodation) - Undated [STIPULATED] |
| BrighamR_PlaintiffRecords0294 | Email Thread between Plaintiff and LOA [STIPULATED] |
| Frontier Airlines (R. Brigham) - 0001549 | Email dated 9/8/14 from LOA to Brigham, et al. re Leave Paperwork [STIPULATED] |
| Frontier Airlines (R. Brigham) - 0001514 | Materials faxed 9/12/14 from Discovery House [STIPULATED] |
| Frontier Airlines (R. Brigham) - 0001581 | Email dated 9/16/14 from Leyner to Brigham re FMLA paperwork [STIPULATED] |

| | |
|---|---|
| BrighamR_PlaintiffRecords0678 | Treatment Plan (fully executed version) [STIPULATED] |
| Frontier Airlines (R. Brigham) 0004475 | LOA File [STIPULATED] |
| Frontier Airlines (R. Brigham) - 0004471 | Dependability Program Memo [STIPULATED] |
| Frontier Airlines (R. Brigham) - 0004804 | Plaintiff's Record [STIPULATED] |

(3)   Other parties:

None.

b.      Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial.  The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

## 8.  DISCOVERY

Discovery has been completed. Unless otherwise ordered, upon a showing of good cause in an appropriate motion, there will be no discovery after entry of the final pretrial order.

## 9.  SPECIAL ISSUES

The parties are currently conferring regarding Plaintiff's inclusion of certain witnesses in this Final Pretrial Order who were not previously disclosed in Plaintiff's Rule 26(a) disclosure pleadings.  If the parties are unable to come to an agreement, Frontier will seek leave to file a motion to strike or exclude those witnesses.

## 10.  SETTLEMENT

a.      Counsel for the parties met by videoconference on November 3, 2020*,* to discuss in good faith the settlement of the case. This meeting was facilitated by a professional mediator.

b.      The participants in the settlement conference, included counsel, party representatives, and a mediator hired by the parties.

c.      The parties were promptly informed of all offers of settlement.

d.      Counsel for the parties do not intend to hold future settlement conferences.

e.      It appears from the discussion by all counsel that there is little possibility of settlement.

f.      Counsel for the parties considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11.  OFFER OF JUDGMENT

Counsel acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel have discussed it with the clients against whom claims are made in this case.

## 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice.  The pleadings will be deemed merged herein.  This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13.  TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1.      This case will be tried to a jury.

2.      The parties estimate the trial will require five (5) days.

3.       The trial shall take place in Denver, Colorado at the Alfred A. Arraj United States Courthouse.

DATED this ___ day of _____, 2021.

BY THE COURT

_____

United States District Court Judge
Hon. William J. Martinez

APPROVED:

/s/ John R. Crone
John R. Crone
The Law Office of John R. Crone, LLC
4550 E Cherry Creek Drive South, 1003
Glendale, CO 80246
(303) 598-3526
john@crone-law.com

*Attorney for Plaintiff*

/s/ Danielle L. Kitson
Danielle L. Kitson
Carolyn B. Theis
Littler Mendelson, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
(303) 629-6200
dkitson@littler.com
catheis@littler.com

*Attorneys for Defendant*