# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03417-WJM

REBECCA BRIGHAM,

    Plaintiff,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

---

**DEFENDANT FRONTIER AIRLINES, INC.'S MOTION TO STRIKE PLAINTIFF'S DESIGNATION OF CHRISTINE KERNEN AS A TRIAL WITNESS FROM THE FINAL PRETRIAL ORDER [ECF NO. 51]**

---

Pursuant to Federal Rule of Civil Procedure 37(c), Defendant Frontier Airlines, Inc. ("Defendant" or "Frontier"), respectfully submits this Motion to Strike Plaintiff's Designation of Christine Kernen as a Trial Witness from the Final Pretrial Order [ECF No. 51], stating as follows:

## I. CONFERRAL

Pursuant to D.C.Colo.LCivR 7.1(a), counsel for Frontier conferred with counsel for Plaintiff regarding this Motion who confirms Plaintiff opposes this Motion and the relief sought herein.

## II. OVERVIEW

On January 18, 2020, counsel for Frontier received Plaintiff's draft of the Final Pretrial Order [ECF No. 51], which listed Christine Kernen, a former Frontier employee, as one of ten witness Plaintiff plans to call as a witness at trial. Plaintiff, however, failed to identify Ms. Kernen in her Initial Disclosures served on December 27, 2019 or in any of her subsequent Supplemental

Disclosures, which she served on July 15, 2020, August 19, 2020, and October 5, 2020, violating Federal Rule of Civil Procedure 26(a). In addition, Plaintiff failed to identify Ms. Kernen in response to an interrogatory specifically requesting Plaintiff identify all people she knows or believes have any facts supporting her claims. Instead, offering no justifiable explanation, Plaintiff waited to disclose Ms. Kernen as a trial witness until more than six months after the close of discovery, after an attempted mediation, and after the parties fully briefed cross motions for summary judgment.

Therefore, pursuant to Rule 37(c), Plaintiff should be barred from using Ms. Kernen as a witness at trial and required to reimburse Frontier for the reasonable attorneys' fees associated with preparing this Motion. Alternatively, the Court should re-open discovery to allow Frontier to depose Ms. Kernen and to supplement its summary judgment briefing with any useful testimony elicited, requiring Plaintiff to pay Frontier's reasonable attorneys' fees and costs associated with same.

### III. LEGAL STANDARD

"Federal Rule of Civil Procedure 26(a)(1) requires a party to provide to the other party the name and, if known, the address and telephone number of each individual likely to have discoverable information, along with the subjects of that information, that may be used by the party to support its claims or defenses." *Aldrich v. Indus. Cooling Sols.,* No. 14-CV-03206-CMA-KMT, 2016 WL 879675, at *1 (D. Colo. Mar. 7, 2016); Fed. R. Civ. P. 26(a)(1). "To the extent one party places a person's name on a witness list of potential trial witnesses, that person is *sine qua non* a witness that may be used by the party to support its claims or defenses." *Id.* "Such disclosures must

be supplemented in a timely manner throughout the discovery period." *Id*., citing Fed. R. Civ. P. 26(e).

"A party violates Rule 26 by not disclosing witnesses prior to the close of discovery." Pursuant to Rule 37(c), when a party violates Rule 26(a) by failing to timely disclose a witness, the party is not allowed to use that witness at trial, "'unless the failure was substantially justified or is harmless.'" *Id*., quoting Fed. R. Civ. P. 37(c)(1); *see also, See Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango,* No. 05-CV-02084-PSFCBS, 2007 WL 1613352, at *1 (D. Colo. June 1, 2007). It is the nonmoving party's burden to demonstrate that they were substantially justified in failing to comply with Rule 26(a)(1). *Aldrich,* 2016 WL 879675. In addition to or alternatively to striking a witness, the Court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure" and any "other appropriate sanctions" it deems appropriate under the circumstances. Fed. R. Civ. P. 37(c).

**IV.   ARGUMENT**

    **A.   Plaintiff Should Be Prohibited From Calling Ms. Kernen As A Witness At Trial Because Her Failure To Disclose Her As Required By Rule 26(a) Was Not Substantially Justified Or Harmless.**

Plaintiff's failure to timely disclose Ms. Kernen as a witness in her Rule 26 disclosures was not substantially justified or harmless and therefore, Ms. Kernen should be struck from Plaintiff's list of trial witnesses set forth in the Final Pretrial Order [ECF No. 51].

To determine whether a Rule 26(a) violation is substantially justified or harmless, the Court considers the following factors:

(1) prejudice or surprise to the party against whom the testimony is offered;

(2) the ability of the party to cure the prejudice;

3

   (3) the extent to which introducing such testimony would disrupt the trial; and

   (4) the moving party's bad faith or willfulness.

*See Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango,* No. 05-CV-02084-PSFCBS, 2007 WL 1613352, at *1 (D. Colo. June 1, 2007). As explained below, considering these factors in light of the circumstances presented in this case demonstrates Plaintiff should be prohibited from calling Ms. Kernen as a witness at trial.

   **1. Frontier Was Surprised By Ms. Kernen's Disclosure And Will Be Prejudiced If Ms. Kernen Is Permitted To Testify At Trial.**

  While Plaintiff's position appears to be that Frontier should not be surprised to see Ms. Kernen listed as a witness on the Final Pretrial Order [ECF No. 51] and that Frontier will not be prejudiced as a result of the late disclosure because an affidavit signed by Ms. Kernen was produced by Plaintiff in discovery. The Court, however, has rejected similar arguments, reasoning that "knowledge of the existence of a person is distinctly different from knowledge that the person will be relied upon as a fact witness." *Aldrich,* 2016 WL 879675, at *3. For example, in *Jama v. City and County of Denver,* 304 F.R.D. 289, 297 (D. Colo. 2014), the court concluded that the "[defendant]'s identification of individuals in response to discovery requests still did not relieve plaintiffs of the obligation of disclosing the individuals they thought had useful information."

  Here, Plaintiff's mere production of Ms. Kernen's affidavit did not provide Frontier with any reasonable indication that Plaintiff intended to call or possibly call Ms. Kernen as a witness at trial. The affidavit is a single document in more than eleven hundred pages produced by Plaintiff and was in fact, the ***only*** document produced by Plaintiff making any mention of Ms. Kernen. Further, the affidavit was not prepared for this case and makes no mention of Plaintiff. Instead, it was prepared in 2017—years before Plaintiff commenced this litigation—to support changes in

Frontier's policies concerning pregnant and lactating flight attendants. In addition, Frontier served an interrogatory requesting Plaintiff identify all people known or believed by Plaintiff to have knowledge of any facts supporting her claims and for each person, to provide their contact information. *See* Frontier's First Set of Discovery Requests Directed to Plaintiff, attached as Exhibit A, at Interrogatory No. 2 ("Identify all persons known or believed by you to have knowledge of any facts, events, circumstances, or issues supporting, contradicting, or in any way relating to the matters set forth in or underlying the allegations in the Complaint…"). Plaintiff did not list Ms. Kernen in response. *See* Plaintiff's Responses to Frontier's First Set of Discovery Requests, attached as Exhibit B at Response to Interrogatory No. 2. Again, there was never any reasonable indication to Frontier prior to January 18, 2020—the day counsel for Frontier received Plaintiff's draft of the Final Pretrial Order [ECF No. 51] –that Plaintiff ever intended or was even considering to call Ms. Kernen as a witness at trial.

      **2.**      **Reopening Discovery To Allow Frontier To Depose Ms. Kernen Will Not Cure The Prejudice Frontier Has Already Suffered And Only Cause Further Prejudice.**

Regarding the second factor considered by the Court—the ability to cure any prejudice—the fact that trial does not commence until December 6, 2021 does not mean prejudice to Frontier can be cured by re-opening discovery and allowing Frontier the opportunity to supplement its summary judgment briefing. For example, the court in *Aldrich v. Industrial Cooling Solutions,* No. 14-CV-03206-CMA-KMT, 2016 WL 879675, at *1 (D. Colo. Mar. 7, 2016) struck witnesses included on defendants' pretrial order who had not previously been disclosed, rejecting defendants' argument that any prejudice could be cured by simply reopening discovery for the limited purpose of allowing the depositions of the two late disclosed witnesses. The Court

recognized that re-opening discovery would not disrupt the trial setting, which was five months away, but reasoned:

> While it is certainly likely that two depositions could be scheduled quickly enough so that trial would not be disrupted, **merely taking depositions may not be the end of the story**. The fact of the matter is that **this court is loathe to countenance lackadaisical compliance with discovery** by one party to the detriment of the other when **it is always uncertain what could or would have been accomplished if timely disclosure had been made**. Plaintiff's trial and settlement strategies could also be affected.

*Id.* at *4.

Here, Plaintiff disclosed Ms. Kernen as a trial witness for the first time on January 18, 2020, more than six months after the close of discovery, more than two months after the parties spent time and expense attempting to mediate, and almost a month after the parties spent time and expense preparing cross motions for summary judgment. *See* Order [ECF No. 15] (setting deadline for the close of discovery as September 1, 2020); Frontier's Mot. for Summary Judgment [ECF No. 38] (filed November 17, 2020); Plaintiff's Motion for Summary Judgment [ECF No. 36] (filed November 17, 2020). While trial is not set until December 6, 2021, re-opening discovery to permit Frontier to depose Ms. Kernen and allow Frontier to supplement its summary judgment briefing to the extent counsel elicits useful testimony would necessarily introduce additional time and expense, prejudicing Frontier, especially given that the significant amount of time that has elapsed since the close of discovery and dispositive motions will necessarily make it more time consuming and less efficient for counsel to prepare to depose Ms. Kernen. *See* ECF. No. 52 (setting trial). Further, as noted in *Aldrich,* there is no way to know what could or would have been accomplished if timely disclosure had been made and how timely disclosure could have affected discovery, mediation, summary judgment, and settlement strategies. For example, to the extent Frontier's counsel would have been able to elicit helpful testimony, Frontier could have leveraged that

6

testimony during mediation. In addition, re-opening discovery and summary judgment briefing will inevitably delay a ruling on the parties' cross motions for summary judgment, causing additional prejudice.

    **3. Any Lack of Willfulness Does Not Excuse Plaintiff's Failure To Comply With Rule 26 And Does Not Overcome Or Mitigate The Resulting Prejudice To Frontier.**

Finally, while counsel for Plaintiff has indicated that the failure to disclose Ms. Kernen was a mere oversight, Plaintiff's good faith alone is not enough for Plaintiff to satisfy her burden and defeat this motion. *See Aldrich,* 2016 WL 879675, at *4 ("Defendants' good faith alone is not enough to overcome the other factors"). As explained by the Court in *Aldrich*, a party "should not be permitted to ignore their disclosure obligations throughout the discovery period and then avoid sanctions simply by claiming their deficiencies were not willful. To condone this conduct would encourage late disclosures as a litigation tactic, since the remedy of out of time depositions would almost always be available as a 'cure.'" *Id.* Therefore, even assuming Plaintiff can demonstrate that her failure to timely disclose Ms. Kernen was not in bad faith or willful, for the reasons set forth in Sections IV.A.1-2 *supra*, she still cannot meet her burden of demonstrating that the failure was substantially justified and harmless.

   **B. Plaintiff Should Be Ordered To Pay Frontier's Attorneys' Fees And Costs Associated With Deposing Ms. Kernen And Supplementing Summary Judgment Briefing.**

While Frontier believes that Ms. Kernen should be stricken entirely, Frontier acknowledges that in some cases, the Court has alternatively, re-opened discovery and allowed a party to supplement its summary judgment briefing, requiring the party that failed to timely disclose to pay certain costs and/or fees as a sanction. Therefore, should the Court decline to strike Ms. Kernen

7

entirely from Plaintiff's witness list and instead, re-open discovery and allow Frontier to supplement its summary judgment briefing, Frontier requests that Plaintiff be required to pay the costs and/or fees associated with one Frontier attorney taking Ms. Kernen's deposition and preparing any supplement to Frontier's summary judgment briefs. *See, e.g., Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango,* No. 05-CV-02084-PSFCBS, 2007 WL 1613352, at *2 (D. Colo. June 1, 2007) ((a) giving plaintiffs the opportunity to depose late disclosed witnesses and if they deemed it necessary, to supplement their responses to defendant's motion for summary judgment based upon testimony elicited during those depositions and (b) ordering defendant to pay the reasonable fees and costs for one attorney representing plaintiffs to participate in the depositions as a sanction).

## V.   CONCLUSION

For these reasons, Frontier respectfully requests an Order from the Court striking Christine Kernen from Plaintiff's list of trial witnesses in the Final Pretrial Order [ECF. No. 51], prohibiting Plaintiff from calling Ms. Kernen as a witness at trial, and ordering Plaintiff to pay the reasonable attorneys' fees Frontier incurred to prepare this Motion or alternatively, re-opening discovery to allow Frontier to depose Ms. Kernen and supplement its summary judgment briefing and ordering Plaintiff to pay the reasonable attorneys' fees and costs Frontier incurs associated with same.

Respectfully submitted this 2nd day of April, 2021.

*/s/ Danielle L. Kitson*
Danielle L. Kitson
Carolyn B. Theis
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Telephone: 303.629.6200
Facsimile: 303.629.0200

8

      Email:  dkitson@littler.com
               catheis@littler.com

*Attorneys for Defendant Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of April, 2021, I filed and served the foregoing **DEFENDANT FRONTIER AIRLINES, INC.'S MOTION TO STRIKE PLAINTIFF'S DESIGNATION OF CHRISTINE KERNEN AS A TRIAL WITNESS FROM THE FINAL PRETRIAL ORDER [ECF NO. 51]** via CM/ECF to the following:

John R. Crone
The Law Office of John R. Crone, LLC
4550 E. Cherry Creek Drive South, #1003
Glendale, Colorado 80246
john@crone-law.com

*Attorney for Plaintiff*

                *s /Joanna Fox*
                Joanna Fox, Legal Secretary