**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action Number: 19-cv-03417-WJM-STV

REBECCA BRIGHAM,

       Plaintiff,

v.

FRONTIER AIRLINES, INC.,
a Colorado corporation,

       Defendant.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DESIGNATION OF CHRISTINE KERNEN AS A TRIAL WITNESS**

---

Plaintiff, by and through the undersigned, hereby submits *Plaintiff's Response to Defendant's Motion to Strike Plaintiff's Designation of Christine Kernen as a Trial Witness*. Because Ms. Brigham provided the "functional equivalent" of a supplemental disclosure or discovery response identifying Christine Kernen as a possible witness in this matter, Defendant's Motion should be denied in its entirety. Further, even if Ms. Brigham's disclosure was not a functionally equivalent supplemental disclosure, then her late identification of Ms. Kernen was substantially justified or harmless, and likewise, Defendant's Motion should be denied in its entirety.

**I.    RELEVANT FACTUAL BACKGROUND**

1.    This case was filed on December 4, 2019, and the Scheduling Order entered by the

Court set a discovery cut-off date of September 1, 2020.

2. On August 17, 2020, prior to the close of discovery, Ms. Brigham served *Plaintiff's Third Supplemental Rule 26(a)(1) Initial Disclosures*.

3. As part of these supplemental disclosures, Ms. Brigham served *Affidavit of Christine Kernen in Support of Charge of Jo Roby, Stacy Rewitzer, Renee Schwartzkopf, and Melissa Hodgkins Against Frontier Airlines*. **Exhibit 1**, Affidavit of Christine Kernen.

4. Ms. Kernen signed her Affidavit on October 4, 2017. Id. Ms. Kernen's affidavit was executed in connection with an EEOC proceeding under Charge Numbers 541-2017-01427, 541-2017-01430, and others as yet unassigned at the time the Affidavit was signed. Id.

5. In her affidavit, Ms. Kernen identified herself, provided her contact information including an address, email address, and telephone number, and provided a detailed account of the subjects of information for which she is competent to testify. *See generally* id. (including testimony on the nature of Ms. Kernen's work as a flight attendant for Defendant Frontier Airlines, Inc. and her negative experiences and damages resulting from Defendant's failure to accommodate, Defendant's unlawful pregnancy and disability based discrimination, and other wrongful acts committed by Defendant).

6. Notably, Ms. Kernen supports giving flight attendants virtually the same accommodations sought by Plaintiff in the instant lawsuit: "I support giving flight attendants the option to seek additional unpaid leave or have a temporary ground assignment while they are unable to fly due to pregnancy and while they are breastfeeding." Id. at 5-6, ¶ 30.

7. The EEOC investigation in which Ms. Kernen participated evolved through the normal course into *Melissa Hodgkins, et al. v. Frontier Airlines, Inc.*, Case No. 19-cv-03469-RM-

MEH filed in this District. **Exhibit 2**, Docket Sheet for *Melissa Hodgkins, et al. v. Frontier Airlines, Inc.*

8. Thus, the Affidavit of Christine Kernen dated October 4, 2017, was produced in administrative proceedings that, in part, formed the procedural history of a case filed just six (6) days after the instant lawsuit involving the same Defendant, and the same defense law firm: Littler Mendelson, P.C.

9. Upon information and belief, the lead defense attorney in the instant lawsuit, Danielle L. Kitson, has also represented Frontier Airlines, Inc. in *Melissa Hodgkins, et al. v. Frontier Airlines, Inc.* since the time of the EEOC administrative investigation and through the present.

10. Therefore, Defendant Frontier Airlines, Inc., including its attorneys, has been in possession of the Affidavit of Christine Kernen since at least the end of 2017, and again, since at least August 17, 2020, when produced by Ms. Brigham in the instant litigation.

11. On January 26, 2021, the parties filed their proposed Final Pretrial Order. [Dkt. 49]. In this proposed order, Ms. Brigham formally identified Christine Kernen as witness she will call at trial. [Dkt. 49 at 9]. Ms. Brigham, in an oversight, did not supplement her list of individuals potentially possessing relevant information to include Ms. Kernen when she served her supplemental disclosures on August 17, 2020 (although, as noted above, Ms. Brigham did serve Ms. Kernen's Affidavit which contained all necessary identifying information).

12. Despite being aware of Ms. Kernen since at least the end of 2017, having Ms. Kernen's Affidavit disclosed in the instant litigation on August 17, 2020, and seeing Ms. Kernen identified on a draft proposed Final Pretrial Order served on January 18, 2021, Defendant waited

until April 2, 2021 to file its *Motion to Strike Plaintiff's Designation of Christine Kernen as a Trial Witness from the Pretrial Order* [Dkt. 53] claiming that Plaintiff's designation was "surprise" and prejudicial.

13.     Trial in this matter is scheduled to commence on December 6, 2021, **more than eight (8) months** from the date of filing of Defendant's Motion to Strike and **nearly one (1) year** from the date Plaintiff identified Ms. Kernen in her draft Final Pretrial Order served on Defendant.

**II.     LEGAL STANDARD**

**A.     Standard governing whether Ms. Brigham's production of Ms. Kernen's Affidavit was the functional equivalent of supplementing her disclosures or discovery responses.**

"Rule 26(a)(1)(A)(i) requires that a party is duty-bound to disclose those individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses." *Aldrich v. Indus. Cooling Solutions,* Case No. 14-cv-03206-CMA-KMT, at *3-4 (D. Colo. Mar. 7, 2016) (internal quotations omitted). "To complete this disclosure obligation, the party must also identify the subjects of [the discoverable] information that the putative witness may provide." *Id.* (internal quotation omitted). "A reasonable interpretation of Rule 26(e)(1)(A) [requiring supplementation or correction of disclosures and discovery responses] and its reference to 'incomplete or incorrect' disclosures presumes that 'additional or corrective information . . . otherwise made known . . . during discovery process' will provide the functional equivalent of the information required under Rule 26(a)(1)(A)." *Id.* (quoting Fed. R. Civ. P. 26(e)(1)(A)). "A party's collateral disclosure of the information that would normally be contained in a supplemental discovery response must be in such form and of such specificity as to be the functional equivalent of a supplemental discovery response; merely pointing to places in the discovery where the

information was mentioned in passing is not sufficient." *Id.* (citing *Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.,* 2015 WL 5117792, at *8 (D. Colo. Sep. 1, 2015)).

     **B.**    **In the alternative, standard governing whether Ms. Brigham's oversight in identifying Ms. Kernen in her supplemental disclosures was otherwise justified or harmless.**

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . at trial, **unless the failure was substantially justified or harmless**." Fed. R. Civ. P. 37(c)(1) (emphasis added). "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard . . . may order payment of the reasonable expenses, including attorney's fees, **caused** by the failure . . . ." Fed. R. Civ. P. 37(c)(1)(A) (emphasis added).

In determining whether a party's failure to identify or supplement the identity of a witness is "substantially justified or harmless," judges in the Tenth Circuit apply the following four factors: "(1) the prejudice or surprise to the party against whom testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Woodworkers Supply, Inc. v. Principal Mutual Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

     **III.**    **ARGUMENT**

When Plaintiff served her supplemental disclosures on August 17, 2020, she served the "functional equivalent" of a supplement to her Initial Disclosures or a supplement to her discovery responses. In the event the Court disagrees, Plaintiff's late disclosure of Ms. Kernen was nonetheless substantially justified or harmless. For these reasons, Defendant's Motion should be denied in its entirety.

### A. Plaintiff's disclosure of Ms. Kernen's Affidavit was the functional equivalent of a supplemental disclosure or discovery response.

"A party's collateral disclosure of the information that would normally be contained in a supplemental discovery response must be in such form and of such specificity as to be the functional equivalent of a supplemental discovery response; merely pointing to places in the discovery where the information was mentioned in passing is not sufficient." *Aldrich v. Indus. Cooling Solutions,* Case No. 14-cv-03206-CMA-KMT, at *3-4 (D. Colo. Mar. 7, 2016) (citing *Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.,* 2015 WL 5117792, at *8 (D. Colo. Sep. 1, 2015)).

Here, Plaintiff possessed an obligation to identify potential witnesses that support her claims by way of Federal Rule of Civil Procedure 26 and in response to Defendant's interrogatory seeking the same information. *See* Def.'s Mot. at 2 ("Plaintiff failed to identify Ms. Kernen in response to an interrogatory specifically requesting Plaintiff to identify all people she knows or believes have any facts supporting her claims."). Defendant's assertion that Plaintiff failed to provide this information is incorrect as Ms. Brigham provided the functional equivalent of a supplemental disclosure or discovery response in the form of Ms. Kernen's Affidavit.

Indeed, Ms. Kernen's Affidavit provides all information required by both Rule 26 and Defendant's interrogatory. *Compare* Ex. 1 *with* Fed. R. Civ. P. 26(a) (requiring "the name and, if known, the address and telephone number of each individual likely to have discoverable information-along with the subjects of that information-that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment"). Unlike in *Aldrich*, the identity of Ms. Kernen was not mentioned in passing at a deposition. *Aldrich*, Case No. 14-cv-03206-CMA-KMT, at *4. Rather, the disclosure of Ms. Kernen's Affidavit provided Defendant with more information than required by Rule 26 or in response to its interrogatory, and because

the information was provided in the form of an Affidavit, there can be no misunderstanding between the parties that Ms. Brigham was disclosing a witness and her testimony.

Thus, this issue presents a straightforward analysis for the Court, and the Court should find that Ms. Brigham's disclosure of Ms. Kernen's Affidavit was functionally equivalent to a supplement to her disclosures or discovery responses, thereby denying Defendant's Motion in its entirety. Plaintiff also notes that while Defendant may argue a finding of functional equivalence will deny it an ability to serve discovery on Ms. Kernen, there is no reason that Defendant cannot request permission from the Court to conduct any such discovery out of time.

**B.     If Plaintiff's disclosure was not the functional equivalent of a supplemental disclosure or discovery response, then Plaintiff's late disclosure of Ms. Kernen was substantially justified or harmless.**

In determining whether a party's failure to identify or supplement the identity of a witness is "substantially justified or harmless," judges in the Tenth Circuit apply the following four factors: "(1) the prejudice or surprise to the party against whom testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Woodworkers Supply, Inc.*, 170 F.3d at 993 (10th Cir. 1999).

***First***, Plaintiff's disclosure of Ms. Kernen as a trial witness does not constitute unfair surprise or undue prejudice to Defendant. Defendant, including its lawyers, have known about Ms. Kernen since at least the end of 2017, more than two year prior to the filing of this lawsuit. Moreover, Ms. Kernen's Affidavit was served on Defendant for a second time through this lawsuit well before the discovery cut-off. In *Roberts v. Printup*, the District of Kansas applied this factor when examining the propriety of a late-disclosed witness, as follows: "First, garnishee will not be

prejudiced; this matter is not scheduled for trial until October 2007 [approximately six (6) months from court's order] . . . Moreover, plaintiff is not offering a new theory or changed tactics with respect to her claim. She merely identified previously undiscovered evidence to support her claim and potentially bolster her credibility. Second, any prejudice can be cured by taking the deposition of [late disclosed witness] and requesting any other discovery necessary." Case No. 02-2333-CM, at *4 (D. Kan. Apr. 23, 2007); *see also Stricklin v. Bordelon*, Case No. 19-cv-1242-WJM-KMT, at *7 (D. Colo. Jan. 26, 2021) (Judge Martinez) (declining to strike expert witnesses improperly designated as "non-retained" because "trial [was] still nearly five months away," and therefore, "harmless."); *Joanne Carroll v. Safeco Ins. Co. of America*, Case No. 20-cv-00219-REB-NYW, at *9 (D. Colo. Dec. 24, 2020) (declining to exclude evidence where trial was approximately seven (7) months from date of order).

Here, the same result ought to apply as Ms. Brigham is not offering any new theories, tactics, or new claims; rather, she seeks to admit evidence, through testimony, that was disclosed by affidavit years ago and which has been in the possession of Defendant since before Ms. Brigham's lawsuit was filed. Moreover, and given the amount of time until trial, approximately eight (8) months, there remains plenty of time for Defendant to speak with, depose, or seek documents from Ms. Kernen.

Defendant's analysis of this factor misses the mark as it focuses solely on the fact that Plaintiff omitted to specifically include Ms. Kernen on her list of possible witnesses as part of her supplemental disclosures or in response to discovery requests. *See, e.g.,* Def.'s Mot. at 4-5 ("Frontier served an interrogatory requesting Plaintiff identify all people known or believed by Plaintiff to have knowledge of any facts . . . Plaintiff did not list Ms. Kernen in response."). While

Plaintiff maintains she did in fact sufficiently supplement her disclosures and discovery responses by providing functionally equivalent information (as argued above), a failure to disclose a witness is the *prerequisite* factual condition for engaging in this analysis, and Plaintiff does not dispute that she mistakenly omitted Ms. Kernen's name from her supplemental disclosures served August 17, 2020. Here, the analysis requires a showing of unfair surprise or prejudice, and Defendant has failed to do so as it was not surprised nor unduly prejudiced by the disclosure of Ms. Kernen as a testifying witness at trial.

**Second**, the ability to cure prejudice, should any exist, is self-evident. The trial is approximately eight (8) months away (and by Defendant's telling, it learned of Ms. Kernen's possible testimony almost a **full year** before the scheduled trial in this matter). While Defendant cites to *Aldrich v. Industrial Cooling Solutions* for the proposition that mere ability to cure is insufficient to overcome a request to strike a witness, Defendant fails to mention that the *Aldrich* court also found the non-disclosing party had a "cavalier attitude about late witness disclosure," Case No. 14-cv-03206-CMA-KMT, at *6, and was "loathe to countenance lackadaisical compliance with discovery." Id. at *8. Thus, while the *Aldrich* court did not specifically find the non-disclosing party acted in bad faith or willfully, it seems relatively clear that the court was concerned with unfair litigation tactics—a concern not raised by Defendants or the record in this matter.

**Third**, while not directly addressed by Defendant in apparent concession that this factor cuts against granting Defendant's requested relief, there can be no question that the disclosure of Ms. Kernen as a testifying witness will have no potential to disrupt the trial as trial is not scheduled to begin for approximately eight (8) months.

And *finally*, there is no evidence of bad faith or willfulness with regard to Ms. Brigham's identification of Ms. Kernen as a trial witness nor does Defendant argue otherwise. Indeed, Defendant also concedes this factor while arguing that good faith alone is "not enough for Plaintiff to satisfy her burden." Def.'s Mot. at 7. But, the analysis of factors to be considered by the Court does not place dispositive weight on any individual factor, and therefore, Defendant's argument, while technically correct, is true of any of the four factors. In any event, because there is no evidence that Plaintiff acted with bad faith or willfulness, this factor also weighs against granting the relief sought by Defendant.

Plaintiff is also aware that Defendant is seeking fees and costs associated with re-opening discovery and supplementing its summary judgment motion should the Court fail to strike Ms. Kernen as a witness. This request is improper for two reasons: (1) Ms. Brigham did in fact supplement her disclosures and responses to discovery with functionally equivalent information (meaning that Defendant may seek to re-open discovery, but at its own cost); and (2) even if she did not, Defendant makes no argument as to how its fees and costs incurred in re-opened discovery are *additional* as compared to the fees and costs it would have incurred had Ms. Brigham more specifically identified Ms. Kernen earlier in this litigation. In other words, if Ms. Kernen's deposition is now deemed critical by Defendant, including for use in Defendant's summary judgment briefing, then Defendant would have obtained this information, at its own cost, prior to the close of discovery. Thus, Defendant is unable to show that its fees and costs incurred in re-opening discovery and summary judgment briefing would be **caused** by Plaintiff's late disclosure as required by Rule 37, and therefore, it would be improper to grant Defendant's request for the same.

IV. **CONCLUSION**

For the reasons stated herein, Plaintiff respectfully requests the Court deny Defendant's Motion in its entirety.

Respectfully submitted this 19th day of April, 2021.

THE LAW OFFICE OF JOHN R. CRONE, LLC

/s/ John R. Crone
John R. Crone
CO Bar No. 48284
4550 E Cherry Creek Drive South, #1003
Glendale, Colorado 80246
Telephone: (303) 598-3526
Email: john@crone-law.com
*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2021, a true and correct copy of the foregoing *Plaintiff's Response to Defendant's Motion to Strike Plaintiff's Designation of Christine Kernen as a Trial Witness*, including any exhibits, was filed using the CM/ECF system and served electronically upon Defendant through its attorneys of record.

By:  /s/ John R. Crone
     John R. Crone