**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-03417-WJM

REBECCA BRIGHAM,

    Plaintiff,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

---

**DEFENDANT FRONTIER AIRLINES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S DESIGNATION OF CHRISTINE KERNEN AS A TRIAL WITNESS FROM THE FINAL PRETRIAL ORDER [ECF NO. 51]**

---

Pursuant to Federal Rule of Civil Procedure 37(c), Defendant Frontier Airlines, Inc. ("Defendant" or "Frontier"), respectfully submits this Reply in Support of Defendant's Motion to Strike Plaintiff's Designation of Christine Kernen as a Trial Witness from the Final Pretrial Order ("Motion to Strike") [ECF No. 51], stating as follows:

**I. INTRODUCTION**

Plaintiff violated Federal Rule of Civil Procedure 26 by failing to disclose Christine Kernen in her Initial Disclosures or in any of her subsequent Supplemental Disclosures, and by failing to identify Ms. Kernen in response to an interrogatory specifically requesting her to identify all people she knows or believes have any facts supporting her claims. Plaintiff's argument that her failure to formally disclose Ms. Kernen was "justified" in that she produced an affidavit prepared by Ms. Kernen is unavailing. The affidavit, which was executed years prior to this litigation, was not prepared for this case or for *any* case concerning disability discrimination and/or alcoholism,

and makes no mention of Ms. Brigham. Instead, the affidavit only concerns Frontier's alleged failure to accommodate Ms. Kernan's pregnancy and/or breastfeeding needs. As a result, the affidavit failed to provide Frontier with any reasonable indication that Plaintiff intended to call Ms. Kernen as a witness at trial. Further, Ms. Kernen's anticipated trial testimony as described in the Final Pretrial Order far exceeds the scope of her affidavit. Plaintiff should not be permitted to ignore her Rule 26 disclosure obligations and then avoid sanctions.

II. ARGUMENT

    A. Ms. Kernen's Affidavit Is Not The "Functional Equivalent" Of A Supplemental Rule 26 Disclosure Or Response To Discovery.

"A party is continually required to supplement or correct its initial disclosures (as well as any discovery responses") if their disclosures are in any way 'incomplete or incorrect.'" *Eli Lilly & Co. v. Actavis Elizabeth LLC,* No. CIVA 07-3770DMC, 2010 WL 1849913, at *8 (D.N.J. May 7, 2010), quoting Fed. R. Civ. P. 26(e). "In the event disclosures become incomplete or incorrect, the party must correct its disclosures—formally—unless the corrective information has "'otherwise been made known.'" *Id*. "The obligation to update initial disclosures is meant to ensure that the playing field remains level, narrow the relevant issues, and avoid undue prejudice and surprise to the opposing party." *Id.* (internal quotation and citations omitted).

Plaintiff appears to be claiming that her intention to call Ms. Kernen as a trial witness had "otherwise been made known" to Frontier by virtue of her production of Ms. Kernen's affidavit and therefore, that she was not obligated to formally supplement her disclosures and discovery response. According to Plaintiff, Ms. Kernen's affidavit was the "functional equivalent" of a

2

supplemental disclosure or supplemental discovery response.[1] *See* Dkt. No. 56 at p. 6 ("Defendant's assertion that Plaintiff failed to provide this information is incorrect as Ms. Brigham provided the functional equivalent of a supplemental disclosure or discovery response in the form of Ms. Kernen's Affidavit"). However, "Mentioning a potential witness during discovery or producing documents disclosing their names does not ordinarily satisfy the disclosure requirements of Rule 26." *Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 1:15-CV-274, 2017 WL 3309699, at *3 (M.D.N.C. Aug. 2, 2017) (internal citations omitted); *see also, Aldrich v. Indus. Cooling Sols.,* No. 14-CV-03206-CMA-KMT, 2016 WL 879675, at *2 (D. Colo. Mar. 7, 2016) ("the phrase "otherwise made known to the other parties during the discovery process" should not be broadly applied to circumvent Rule 26(g) or give a party 'license' to engage in ambush or supplement their disclosures almost by happenstance"), citing *Sender v. Mann*, 225 F.R.D. 645, 652 (D. Colo. 2004) ("Rule 26 does not permit a party to rely on random mentions of certain persons during the course of discovery as adequate notice that the person will support of that party's claim."). "To find otherwise would place an undue burden on the other party" and the receiving party "would be left guessing about which actors truly possessed relevant information…" *Id.; Kacian v. Brennan, N*o. 3:12-CV-102, 2017 WL 933142, at *5 (W.D. Pa. Mar. 8, 2017).

Plaintiff fails to explain how the mere production of Ms. Kernen's affidavit provided Frontier with *any* reasonable indication that Plaintiff intended to call or would possibly call Ms. Kernen as a witness at trial, especially when coupled with Plaintiff's failure to identify Ms. Kernen

---

[1] Notably, Plaintiff fails to cite any factually analogous case where a court refused to strike a late-disclosed witness based solely upon the production of an affidavit on the grounds that it constituted the "functional equivalent" of a Rule 26 disclosure.

3

in any of her six sets of supplemental disclosures and failure to identify Ms. Kernen to a specific interrogatory asking Plaintiff to identify all people known or believed by Plaintiff to have knowledge of any facts supporting her claims. *See* Frontier's First Set of Discovery Requests Directed to Plaintiff, attached as Exhibit A at Interrogatory No. 2; Plaintiff's Responses to Frontier's First Set of Discovery Requests, attached as Exhibit B at Response to Interrogatory No. 2[2]; *Kacian,* 2017 WL 933142, at *4 (While two declarations technically disclosed the name of a witness defendant later disclosed as a witness it intended to use at trial, "they did not reasonably place [plaintiff] on notice that [the witness] may possess relevant information to such a degree that [the witness'] absence from the [defendant's] disclosures was justified."); *Aloe Vera of Am. Inc. v. United States*, No. CV-99-01794-PHX-JAT, 2014 WL 3397139, at *4 (D. Ariz. July 11, 2014) ("nothing in this case indicates that the information made known in Mr. Ishida's affidavit was the fact that he would be testifying at trial as to the subject of his affidavit."). Further, as acknowledged by Plaintiff, the affidavit, which was executed years prior to this litigation, was not prepared for this case or for *any* case concerning disability discrimination and/or alcoholism, and makes no mention of Ms. Brigham. Instead, the affidavit only concerns Frontier's alleged failure to accommodate Ms. Kernan's pregnancy and/or breastfeeding needs. As a result, even if Frontier had recognized that the affidavit constituted a Rule 26 witness "disclosure," it would not have been able to identify Ms. Kernen's relevance and knowledge concerning this litigation without speculation. *See Eli Lilly & Co.*, 2010 WL 1849913, at *8 (If the supposed disclosure requires inferences as to the person's relevance and knowledge, the disclosure is not sufficient.").

---

[2] These same exhibits were cited in Frontier's Motion to Strike [Dkt No. 53], but inadvertently excluded from that filing.

4

> B.   **Plaintiff Failed To Satisfy Her Burden Of Demonstrating That Her Violation Of Rule 26 Was Justified And Harmless.**

Plaintiff's argument that her disclosure of Ms. Kernen as a trial witness cannot constitute unfair surprise or prejudice because "Defendant, including its lawyers, have known about Ms. Kernen since at least the end of 2017…" is immaterial. Dkt. No. 56 at p. 7. However, even assuming, *arguendo,* that counsel for Frontier have known about Ms. Kernen's existence for years and saw her affidavit prior to Plaintiff's production of it in this case, for the same reasons discussed in Section II.A *supra*, Ms. Kernen and her affidavit's mere existence did not provide counsel with *any* reasonable indication that Plaintiff intended to call or would possibly call Ms. Kernen as a witness at trial in this case.

Further, while Plaintiff claims she did not identify Ms. Kernen for purposes of arguing any new theories or tactics at trial, but rather to introduce testimony limited to the alleged facts set forth in the affidavit, the scope of Ms. Kernen's anticipated trial testimony as represented in the Final Pretrial Order was *never* previously disclosed and far exceeds the scope of Ms. Kernen's affidavit. *See* Dkt. No. 56-1 (Ms. Kernen's affidavit, which is limited to Ms. Kernen's personal experience as a flight attendant employed by Frontier while she was pregnant and breastfeeding), *cf.* Dkt No. 51 at p. 9 (Final Pretrial Order stating, "Ms. Kernen is expected to testify in person on the nature and scope of Defendant's discrimination and hostile attitude towards individuals requiring accommodations in the workplace."). As a result, the nature and scope of Ms. Kernen's anticipated trial testimony necessarily comes as a surprise to Frontier and is prejudicial in that Frontier did not have the opportunity to direct written discovery regarding said testimony and/or depose Ms. Kernen.

5

Even assuming, *arguendo*, that Ms. Kernen's trial testimony is limited to the confines of her affidavit, Ms. Kernen's affidavit is of limited value in that it alone does not allow Frontier to evaluate Ms. Kernen's credibility and demeanor as a trial witness. *See Syngenta*, 2017 WL 3309699, at *5 ("[a]ffidavits are of limited value and do not allow Syngenta to evaluate a witness's demeanor, an important aspect of credibility, or to probe weaknesses or gaps in the affidavit."). Further, Frontier did not have the opportunity to explore potential weaknesses, gaps, or inconsistencies in Ms. Kernen's affidavit or otherwise formulate its trial strategy to account for Ms. Kernen's future trial testimony via written discovery concerning Ms. Kernen and deposing Ms. Kernen. *See id.* at *3 ("Plaintiffs were entitled to rely on the 'critical' purpose of Rule 26(a)(1)(A)—to inform [them] which witnesses and documents the disclosing party may use to support its claim or defenses. Absent that disclosure, Syngenta did not have the opportunity to conduct relevant discovery and formulate their case strategy to account for this evidence.") (internal quotation and citations omitted).

To the extent Plaintiff contends that Frontier's failure to file its Motion to Strike immediately following its receipt of Plaintiff's draft proposed Final Pretrial Order suggests that Frontier was not *actually* surprised by the disclosure of Ms. Kernen ignores the fact that counsel for Frontier contacted Plaintiff's counsel shortly after receiving the draft, noting that Plaintiff failed to previously disclose Ms. Kernen and requesting to confer given Frontier's intent to move to strike Ms. Kernen for Plaintiff's failure to comply with Rule 26. Frontier's counsel also brought the dispute to the Court's attention during the telephonic Final Pretrial Conference on February 3, 2020. *See* Dkt. No. 50.

Finally, while Plaintiff insists that any prejudice to Frontier can be cured, Plaintiff does not actually identify or offer any cure or address the fact that there is simply no way to know what could or would have been accomplished if Plaintiff had complied with Rule 26, or how timely disclosure could have affected discovery, mediation, summary judgment, and settlement strategies.

### C. Plaintiff's Violation Of Rule 26 Warrants Sanctions.

Curiously and citing to no authority, Plaintiff attempts to suggest that to recover the attorneys' fees and costs it seeks, Frontier must demonstrate that the fees and costs it will incur if discovery is re-opened will be *more than* the fees and costs it would have incurred had Ms. Kernen been timely disclosed. There is no such requirement. Whether or how the Court decides to sanction Plaintiff is left entirely to its discretion. *See* Fed. R. Civ. P. 37 (In addition or alternatively to striking a witness, the Court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure" and any "other appropriate sanctions" it deems appropriate under the circumstances). Should the Court choose not to prohibit Ms. Kernen from testifying, Plaintiff should still be sanctioned given her unjustified failure to abide by Rule 26. *See Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango,* No. 05-CV-02084-PSFCBS, 2007 WL 1613352, at *2 (D. Colo. June 1, 2007) (concluding defendant violated Rule 26 by failing to disclose certain witnesses prior to the close of discovery, granting plaintiffs the opportunity to depose the witnesses and if deemed necessary, supplement their response to defendant's motion for summary judgment, and "as an appropriate sanction for defendant's failure to comply with the disclosure obligations in Rule 26(a)(1) and 26(e)(1)," ordering defendant "to pay the reasonable fees and costs for one attorney representing plaintiffs to participate in the depositions"); *see also,*

*Aldrich*, 2016 WL 879675, at *1 (a party "should not be permitted to ignore their disclosure obligations throughout the discovery period and then avoid sanctions…").

Regardless, for the reasons stated in its Motion to Strike and in this Reply, Frontier believes that prohibiting Ms. Kernen from testifying at trial is the appropriate sanction in this case. In addition, striking Ms. Kernen will be far less burdensome and costly than re-opening discovery and summary judgment briefing. Further, Ms. Kernen will not be offering critical testimony as evidenced by the fact that Plaintiff's counsel had not even spoken with Ms. Kernen prior to disclosing her as a trial witness.[3] *See Kacian*, 2017 WL 933142, at *5 (striking witness testimony on the grounds that it was not critical evidence).

### III. CONCLUSION

For these reasons and those set forth in Frontier's Motion to Strike [Dkt. No. 53], Frontier respectfully requests an Order from the Court striking Christine Kernen from Plaintiff's list of trial witnesses set forth in the Final Pretrial Order [Dkt. No. 51], prohibiting Plaintiff from calling Ms. Kernen as a witness at trial, and ordering Plaintiff to pay the reasonable attorneys' fees Frontier incurred to prepare this Motion or alternatively, re-opening discovery to allow Frontier to depose Ms. Kernen and supplement its summary judgment briefing and ordering Plaintiff to pay the reasonable attorneys' fees and costs Frontier incurs associated with same.

Respectfully submitted this 26th day of April, 2021.

---

[3] More than a week after the Final Pretrial Order was entered by the Court, counsel for Plaintiff contacted counsel for Frontier, indicating that he had mistakenly stated in the Final Pretrial Order that Ms. Kernen was represented by a law firm and that, to the best of *Plaintiff's* knowledge, Ms. Kernen was actually not represented.

        */s/ Danielle L. Kitson*
        Danielle L. Kitson
        Carolyn B. Theis
        LITTLER MENDELSON, P.C.
        1900 Sixteenth Street, Suite 800
        Denver, CO  80202
        Telephone: 303.629.6200
        Facsimile: 303.629.0200
        Email:  dkitson@littler.com
                  catheis@littler.com

        *Attorneys for Defendant Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 26th day of April, 2021, I filed and served the foregoing **DEFENDANT FRONTIER AIRLINES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S DESIGNATION OF CHRISTINE KERNEN AS A TRIAL WITNESS FROM THE FINAL PRETRIAL ORDER [ECF NO. 51]** via CM/ECF to the following:

John R. Crone
The Law Office of John R. Crone, LLC
4550 E. Cherry Creek Drive South, #1003
Glendale, Colorado 80246
john@crone-law.com

*Attorney for Plaintiff*

        s /Joanna Fox
        Joanna Fox, Legal Secretary