## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03417-STV

REBECCA BRIGHAM,

     Plaintiff,

v.

FRONTIER AIRLINES, INC.,

     Defendant.

---

## DEFENDANT'S FIRST SET OF WRITTEN DISCOVERY REQUESTS DIRECTED TO PLAINTIFF

---

Pursuant to Federal Rules of Civil Procedure 33 and 34, Defendant Frontier Airlines, Inc. ("Frontier"), by and through its attorneys, Danielle L. Kitson and Carolyn B. Theis of Littler Mendelson, P.C., submits its First Set of Discovery Requests to Plaintiff Rebecca Brigham ("Brigham" or "Plaintiff"). Frontier requests that Plaintiff produce the documents requested in these discovery requests to the office of Frontier's undersigned counsel.

### I.    DEFINITIONS AND INSTRUCTIONS

**THE FOLLOWING DEFINITIONS AND INSTRUCTIONS ARE AN INTEGRAL PART OF THESE DISCOVERY REQUESTS.**

A.    As used in this document, "Plaintiff" or "You" or "Your" or "Yourself" refers to Plaintiff Rebecca Brigham.

B.    As used in this document, the terms "Defendant" or "Frontier" shall include all persons acting or purporting to act on behalf of Frontier Airlines, Inc. or on behalf of its predecessors, subsidiaries, parents or affiliates.

## EXHIBIT A

C.     "Complaint or Amended Complaint" means Plaintiff's Complaint filed on December 4, 2019, Case No. 1:19-cv-03417, Docket Number 1, filed in the United States District Court for the District of Colorado, as well as any subsequent amendments.

D.     "Communications" means any transmission of thoughts, opinions, or information by speech, writing or signs.

E.     "Describe in detail," when used with respect to an event means to state: (a) the date, time and location of the event; (b) the identification of all persons who were present when the event occurred or otherwise witnessed the event; and (c) a detailed description of the event.

F.     "Describe in detail," when used with respect to a communication means to state: (a) the date and time of the communication; (b) the means of communication (e.g., telephone, electronic mail, in person) and, if in person, the location of the communication; (c) the full name of all parties to the communication; and (d) what was said by each party to the communication.

G.     "Document" means all written or graphic matter of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted or executed, including, but not limited to, written communications, letters, correspondence, memoranda, minutes, notes, photographs, slides, videotapes, motion pictures, tapes or sound records, recordings of any type, e-mails, text messages, SMS/MMS text messages, social media postings, or computer records or files, electronic data, contracts, agreements, loan applications, loan documents, financing agreements, insurance applications, insurance policies, performance reports, memoranda of telephone conversations or personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, loan sheets, checks, checkbooks,

personal expense accounts, plans, blueprints, drawings, or material similar to any of the foregoing, however denominated and by whomever prepared or to whomever addressed, which are in Plaintiff's possession, custody, or control, or to which Plaintiff has, has had, or can obtain access.

H.     "Identify" or "identification" means, when used in reference to:

1.     A natural person:

a.     Full name;

b.     Present or last known residence and business address (including street name and number, city or town, and state or country) and telephone number;

c.     Present position, business affiliation, and job description (if the present business or residence address or present position, business affiliation, or job description are unknown, such a statement and the corresponding last known such information);

d.     Position, business affiliation, and job description at the time in question, with respect to the interrogatory or other request involved.

2.     A document:

a.     Its description (e.g., letter, memorandum, report, etc);

b.     Its title, date, and the number of pages thereof;

c.     Its subject matter;

d.     Its author's identity;

e.     Its addressee's identity;

f.     The identity of each person who signed it;

g.    The identity of each person who received it;

h.    Its present location and its custodian's identity (if such document was, but is no longer, in the possession of or subject to control of the Plaintiff, such a statement and the manner and date of the deposition made thereof).

3.    An oral communication:

a.    Its date and the place where it occurred;

b.    Its substance;

c.    The identity of each person to whom such communication was made, and each person who was present when such communication was made.

4.    Any other context:

a.    A description with sufficient particularity that the thing may thereafter be specified and recognized, including relevant dates and places, and the identification of relevant people, entities and documents;

b.    When used as a part of a request for facts to support a particular allegation or contention, it includes identification of documents produced by others as part of the discovery process, experts' reports, and applicable portions of deposition transcripts, identification of oral communications, any and all other forms of recorded facts, whether or not you have finally decided on its use at trial.

I.      The term "person" includes natural persons, partnerships, limited partnerships, associations, leagues, corporations, governments (including all instrumentalities, offices, agents, subdivisions thereof), trusts, funds, and all other business, legal or artificial entities.

J.      As used herein, "relate" or "relating to" when used with respect to a document, agreement, subject or fact, means reflecting, showing, embodying, containing, evidencing, concerning, pertaining to, regarding, reciting, recording, supporting, refuting or referring to such matter.

K.      To the extent any term is not defined in these discovery requests, it shall be defined as it is defined in the Federal Rules of Civil Procedure or applicable case law.

## II.    **TIME PERIOD**

Unless otherwise stated, each discovery request covers the time period from May 24, 2007 to the present (the "Period").

## III.    **PRIVILEGE**

Whenever any discovery request calls for the identity of a document or communication to which you claim privilege, include a privilege log setting forth: (1) the identification of such document or communication; (2) the dates of the communication or document; (3) the identity of the persons who were parties to the communications; and, (4) the fact that you claim privilege and the basis asserted for such claim.

## IV.    **COMPLETE ANSWERS**

In answering these discovery requests you are requested to furnish all information that is available to you, including that which has been obtained by and that which is now in the possession

of your attorneys, employees, agents and other representatives, and not merely the information known by the individuals preparing the response.

If you are unable to answer any of these discovery requests fully and completely, after exercising due diligence to secure the information necessary to make such full and complete answers, so state, and in addition, answer each such interrogatory or request to the fullest extent possible, specifying your knowledge, and the reason for your inability to answer the remainder, and state whatever information or knowledge you may have concerning the answered portions thereof.

If, in response to Frontier's requests for production, Plaintiff represents that she will make original documents available for inspection and copying, please state: (a) the location where the original documents will be maintained; and, (b) the first available date on which Frontier may inspect and copy the documents.

## V.    DUTY TO SUPPLEMENT

Each of the following discovery requests is a continuing one. If you later obtain, or become aware of, any further information pertaining to these discovery requests, you are requested to serve upon Frontier amended answers setting forth such information.

## VI.    CUSTODY OR CONTROL

If any document referred to or requested in your answers to these discovery requests was, but no longer is, in your possession, custody or control, or the control of your agents or representatives, state whether it: (1) is missing or lost; (2) has been destroyed; and/or (3) has been transferred to others, identifying the recipient, and describe the circumstances surrounding any disposition of the document.

## VII.    FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person who supplied information concerning the answers and responses to these Interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:**

Identify all persons known or believed by you to have knowledge of any facts, events, circumstances or issues supporting, contradicting, or in any way relating to the matters set forth in or underlying the allegations in the Complaint, and for each provide their telephone number and address.

**ANSWER:**

**INTERROGATORY NO. 3:**

Identify all persons, other than your attorneys in this case, and including but not limited to the individuals identified in your Initial Disclosures and any subsequent Disclosures, with whom you have had communications relating to your allegations against Frontier and/or your claims in this matter, including but not limited to present or former employees of Frontier. For each communication, provide the individual's current or last known address, mobile and home telephone number, and state the nature of the communications, all parties to the communication, and any written or electronic documents that were exchanged between the parties (additionally, produce such documents in response to Request for Production Nos. 12 and 13.

**ANSWER:**

**INTERROGATORY NO. 4:**

7

List and explain in detail each and every retaliatory act that you contend was made or taken against you by Frontier, including by its representatives, agents, or employees. For each such act, state:

    A.  The name of the individual(s) whom you contend retaliated against you;

    B.  The action taken or representation made by the individual(s) that you contend constitutes retaliation;

    C.  The date of the alleged retaliatory action(s); and

    D.  Any witnesses to the alleged retaliation.

**ANSWER:**

**INTERROGATORY NO. 5:**

For each accommodation that you requested from Frontier, please identify:

    A.  The nature of the accommodation you requested;

    B.  The identity of the individual(s) from whom you requested an accommodation;

    C.  Whether a doctor submitted information relating to the request;

    D.  The date that you requested the accommodation; and

    E.  Whether and how Frontier responded to the request for accommodation, including whether or not Frontier granted it.

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify and describe in detail each occasion on which you claim you were discriminated against by Frontier, including its representatives, employees, and/or agents, on the basis of disability. For each such incident, at a minimum, please include the following:

8

    A.  The name of the individual(s) whom you contend discriminated against you;

    B.  The action taken or representation made by the individual(s) that you contend constitutes discrimination;

    C.  The date of the alleged discriminatory action(s);

    D.  Any witnesses to the alleged discrimination; and

    E.  Whether and to whom you reported the alleged discrimination.

**ANSWER:**

**INTERROGATORY NO. 7:**

Identify all employers for whom you have worked from November 11, 2015 to the present, stating for each:

    A.  The name and present or last known address and phone number of the employer;

    B.  The dates you were employed by that employer;

    C.  Your position with that employer;

    D.  The earnings (if from self-employment, both gross and net), compensation and other benefits you received during such employment, including commissions, bonuses, etc.;

    E.  The names of your immediate supervisor(s);

    F.  The reason for your separation from employment; and

    G.  Any disciplinary action, including termination from employment, to which the employer subjected you.

This interrogatory includes any period of self-employment.  **Additionally, please execute a copy of the attached employment records release (Exhibit A) for each employer so that**

**Frontier may obtain your employment records from the employers.**

     **ANSWER:**

**INTERROGATORY NO. 8:**

     Identify and fully describe any efforts that you have made to seek employment or other means of income since November 11, 2015. In so doing, identify all companies, persons or other entities with or through whom you have applied, inquired about, or sought employment, including employment agencies, other personnel placement services, or your personal or professional contacts, by specifying for each the name of the company, person or other entities from whom or through whom you sought employment or income; the date(s) of each application, inquiry, or search; the name(s) of the person(s) to whom you addressed your application, with whom you interviewed, or who performed employment search services on your behalf; the job or business relationship sought; the results(s) of each such application and the reason for the result (e.g., offered a position but declined it for a certain reason); and the amount and nature of compensation and benefits of any job or business relationship offered or for which you applied (e.g., whether such compensation was based on an hourly or salary pay schedule, commission structure or other basis).

     **ANSWER:**

**INTERROGATORY NO. 9:**

     State the amount of all compensation, income and benefits you have received or expect to receive since the date of your separation from Frontier and the sources of same. For purposes of this Interrogatory, "benefit" means a payment made or an entitlement available to you in accordance with a wage agreement or any other employer directed or sponsored program, an

insurance policy, or a public assistance program.

**ANSWER:**

**INTERROGATORY NO. 10:**

Identify the basis(es) for your alleged disability(ies) by identifying:

    A.  The physical or mental impairment which you allegedly have that substantially limits a major life activity;

    B.  Each major life activity in which you are allegedly substantially limited, and a description of the manner in which you are allegedly substantially limited; and

    C.  What treatment, including medication and/or treatment plans, if any, you use as a result of the disability described in sub-part (A).

**INTERROGATORY NO. 11:**

Please separately identify each and every disease, illness, injury, disability, defect, medical symptom or other physical or mental condition which you claim was caused or aggravated by Frontier as a result of Frontier's alleged improper conduct set forth in the Complaint.

**ANSWER:**

**INTERROGATORY NO. 12:**

Please state whether you have sought or received any consultation, examination and/or treatment for any physical or psychological injuries or damages you allege were caused by your treatment by and/or employment with Frontier alleged in this action, and/or any other action or omission by Frontier for which you are seeking relief in this action. If you answer in the affirmative, state the dates of each such consultation, examination and/or treatment and identify the provider from whom you sought treatment, the nature of such consultation, examination and/or

treatment, and the diagnosis and treatment you received. **Additionally, please execute a copy of the attached medical release in Exhibit B for each provider so that Frontier may obtain your medical records. Please also execute a copy of the Authorization for Release of Psychotherapy Notes, attached as Exhibit C, for each identified mental health care provider so that Frontier may obtain your psychotherapy records from the mental health care provider(s).**

ANSWER:

**INTERROGATORY NO. 13:**

Describe in detail your medical history from August 2011 to the present, including every illness, injury, disorder, abnormal or disabling condition (physical, mental or emotional) or medical procedures and all treatment you have had at any time (other than common virus, cold, flu, or routine dental work), the date on which such condition began or became evident, the diagnosis of any such condition, all treatment received and the dates thereof, and the identities of all current or former physicians, therapists, dentists, psychologists, hospitals, clinics, sanitariums and other health care providers who diagnosed or treated you for each such physical, emotional, mental, or psychological condition. **Additionally, please execute a copy of the attached medical release in Exhibit B for each provider so that Frontier may obtain your medical records. Please also execute a copy of the Authorization for Release of Psychotherapy Notes, attached as Exhibit C, for each identified mental health care provider so that Frontier may obtain your psychotherapy records from the mental health care provider(s).**

ANSWER:

**INTERROGATORY NO. 14:**

Identify and fully describe any and all types of damages or injuries of any kind or nature that you allege you have suffered and are seeking relief from or compensation for in this case, and with respect to each, identify and describe the following:

a.  specific type of injury alleged;

b.  specific type of damages incurred;

c.  amount of recovery sought for any specific type of injury or damages alleged;

d.  the method used to compute each item of damages; and

e.  any and all documents supporting your claims for damages.

**ANSWER:**

**INTERROGATORY NO. 15:**

Identify by name, date, and court any other lawsuits, arbitrations, judicial proceedings, civil, criminal, or administrative cases (including charges filed with the Equal Employment Opportunity Commission, state human rights commission, workers' compensation claims, and claims for unemployment benefits), to which you have ever been a party (as a plaintiff or a defendant) or a witness in the past ten (10) years.

**ANSWER:**

**INTERROGATORY NO. 16:**

Please state whether you have ever pled guilty (or *nolo contende*) to or been convicted of any criminal charge.  If your answer is yes, please state the following with respect to each incident:  the nature of the charge; the date of the plea or conviction; the court in which the charge was raised; and the sentence you received.

**ANSWER:**

**INTERROGATORY NO. 17:**

Identify all personal e-mail addresses (such as Gmail, Yahoo!, Hotmail, AOL, AT&T, Blackberry), social networking accounts (for online services such as Facebook, Twitter, MySpace, Twitter, Instagram, Tumblr, YouTube, Google+, Classmates, Flickr, etc.), professional networking accounts (for online services such as LinkedIn, Monster.com, etc.), and any other accounts to online sites, services, blogs, wikis, or message boards that you have used or maintained at any time since May 2007 and for each, provide your public username, the email address associated with the account, the website address, and the dates the account has been active.

**ANSWER:**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

Please separate all documents produced in response to these Requests for Production by the response to which they are responsive.

**REQUEST FOR PRODUCTION NO. 1:**

Produce all documents and tangible things that you reviewed, regardless of whether ultimately relied upon, for responding to the above Interrogatories and/or referenced in such Interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents and tangible things that you reviewed, regardless of whether ultimately relied upon, for purposes of preparing the allegations set forth in your Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documents that relate to your employment with and separation from Frontier, including without limitation personnel documents, evaluations, job descriptions, policy and procedures manuals, any other manuals, documents describing your duties and responsibilities as a Frontier employee, any e-mail or text message communications with or about any of Frontier's agents, and anything that you took from Frontier when your employment was terminated.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

Produce all documents which relate to the Charge of Discrimination filed with the Colorado Civil Rights Division (CCRD) and/or the Equal Employment Opportunity Commission (EEOC) on or about May 10, 2016.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents which relate to your efforts to gain employment after your separation from employment with Frontier including, but not limited to, copies of applications for training and/or education, copies of resumes, employment applications, letters to prospective employers, and correspondence between you and any employment agencies, recruiters, or headhunters.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

Produce any diaries, notes, correspondence, memoranda, calendars, journals, daily, weekly, or monthly planners, social media postings, or other similar materials from May 24, 2007 to the present, demonstrating your state of mind or memorializing any aspect of your employment

or separation from employment with Frontier, including any journal or diary of any sort kept during your employment with Frontier.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

Produce any and all documents and tangible things which you contend reflect, show, or demonstrate discrimination against you on the basis of disability by any employee or agent of Frontier.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

Produce any and all documents and tangible things which you contend reflect, show, or demonstrate retaliation against you by any employee or agent of Frontier.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

Produce any and all documents and tangible things which you contend reflect, show, or demonstrate Frontier's failure to accommodate your alleged disability.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

Produce any and all documents and tangible things which you contend reflect, show, or demonstrate Frontier's failure to engage in good faith with you to determine what (if any) reasonable accommodations were possible for Frontier to provide you concerning your alleged disability.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

Produce any and all documents and tangible things which relate to communications or meetings between yourself and Frontier, or any representative or employee of Frontier, including but not limited to meetings with your supervisors or members of human resources, including without limitation, memoranda, meeting minutes, notes, tapes or recordings, emails or computer records or files, diaries, calendars, planners, text-messages, or material similar to any of the foregoing, relating to your allegations against Frontier and/or your claims in this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

Produce any and all documents reflecting communications between yourself and anyone else (other than correspondence sent only to your attorneys or documents sent by your attorneys to you and no one else) relating to your claims against Frontier.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

Produce all communications between you and any individual identified in your Initial Disclosures that relate to your claims against Frontier.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

Produce all documents relating to your accommodation requests to Frontier.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

Produce all documents or tangible things which reflect, show, or demonstrate income or

compensation (including salary, wages, bonuses, unemployment compensation, disability payments, benefits, and any other thing of value) received by you since November 11, 2015, including pay stubs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

Produce all documents that you provided to or received from any government or administrative agency, including, but not limited to, the EEOC relating to Frontier, your employment with Frontier, the separation of your employment with Frontier, and/or the subject matter of this litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

Produce all of your federal, state, and local income tax returns, receipts, check stubs and W-2 forms that indicate the transfer of funds to you, whether private or governmental transfer payments, including wages, passively earned income, and benefits of any kind, from 2010 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

Produce all documents, including, but not limited to, correspondence, memoranda, notes, video or audio recordings, transcriptions, written statements or other reductions to writing, of interviews or conversations with any individual, including any former agent or employee of Frontier, concerning your employment with Frontier or the subject matter of this litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

If your claim for compensatory damages includes any type of emotional damages or mental anguish, produce all documents relating to any emotional or mental injury or illness, which you contend resulted from your employment with Frontier, including, but not limited to, all medical records, reports, bills, diagnoses, prescriptions, or any communications with any physician, psychiatrist, nurse, counselor, therapist, or other practitioner of the healing arts regarding such injury or illness. **Additionally, please execute a copy of the attached medical release in Exhibit B for each provider so that Frontier may obtain your medical records. Please also execute a copy of the Authorization for Release of Psychotherapy Notes, attached as Exhibit C, for each identified mental health care provider so that Frontier may obtain your psychotherapy records from the mental health care provider(s).**

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

Produce all documents, which relate or refer to any claim(s) you made for any type of government (federal, state, or local) benefits assistance during or subsequent to your employment with Frontier, including but not limited to claim(s) for unemployment insurance or disability benefits.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

If your claim for compensatory damages in this lawsuit includes any type of emotional damages or mental anguish, provide a copy of all your social networking content since May 24, 2007 that relates to any of your emotions, feelings, or mental states, as well as your

19

communications that reveal, refer, or relate to events that could reasonably be expected to produce a significant emotion, feeling, or mental state.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

Produce all documents, electronically stored information, and tangible things on which you base any computation of your damages in this action (including materials bearing on the nature and extent of injuries suffered), including, but not limited to, all raw data and computation sheets upon which the amount of each claim for damages is based, and medical bills, balance sheets, financial statements, pay stubs, and federal, state, and local tax returns.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

Produce all documents, electronically stored information, and tangible things that relate to, reflect, or show your medical condition(s), evaluation of any medical condition(s), and/or treatment for any medical condition(s) including, but not limited to, medical records, treatment plans, and correspondence with medical professionals, insurance carriers, Frontier, and/or any other individual or entity regarding such conditions from May 24, 2007 to the present.

**RESPONSE:**

Respectfully submitted this 1st day of April, 2020.

*/s/ Danielle L. Kitson*

Danielle L. Kitson
Carolyn B. Theis
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202

Telephone: 303.629.6200
Facsimile: 303.629.0200
Email:  dkitson@littler.com
        catheis@littler.com

*Attorneys for Defendant Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 1st day of April, 2020, I served the foregoing **DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS DIRECTED TO PLAINTIFF** in Microsoft Word format to the following:

John R. Crone
The Law Office of John R. Crone, LLC
4550 E. Cherry Creek Drive South, #1003
Glendale, Colorado 80246
john@crone-law.com

*Attorney for Plaintiff*

s /Joanna Fox
Joanna Fox, Legal Secretary