### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action Number: 19-cv-03417-WJM-STV

REBECCA BRIGHAM,

                Plaintiff,

v.

FRONTIER AIRLINES, INC.,
a Colorado corporation,

                Defendant.

---

### PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF WRITTEN DISCOVERY REQUESTS DIRECTED TO PLAINTIFF

---

Plaintiff Rebecca Brigham, by and through the undersigned counsel, hereby submits *Plaintiff's Responses to Defendant's First Set of Written Discovery Requests Directed to Plaintiff.* These Responses are being served pursuant to the Federal Rules of Civil Procedure and the Court's Scheduling Order dated February 13, 2020 [Dkt. 15].

### INTERROGATORIES

#### INTERROGATORY NO. 1:

Identify each person who supplied information concerning the answers and responses to these Interrogatories.

**ANSWER:** I supplied all information in response to Defendant's Interrogatories. My attorney assisted me in the preparation of these Responses; however, any information related to

## EXHIBIT B

my interactions with my attorney in this regard is privileged or protected by the work product doctrine.

## INTERROGATORY NO. 2:

Identify all persons known or believed by you to have knowledge of any facts, events, circumstances or issues supporting, contradicting, or in any way relating to the matters set forth in or underlying the allegations in the Complaint, and for each provide their telephone number and address.

**ANSWER:** Please see Plaintiff's Rule 26(a)(1) Initial Disclosures at 1-4, ¶¶ 1-17 (listing various individuals, primarily employees of Defendant). I am unaware of current contact information for employees of Defendant; however, Defendant should possess that information. Also, please see the following additional information:

1. Shelly Lerner: Ms. Lerner was one of Defendant's HR or payroll employees that assisted Defendant in compiling documentation on my absences from work, absences that were the result of Defendant's refusal to treat me in accordance with the law.

2. Adrian Prince: I believe the best, current contact information for Ms. Prince is: amlmprince@me.com.

## INTERROGATORY NO. 3:

Identify all persons, other than your attorneys in this case, and including but not limited to the individuals identified in your Initial Disclosures and any subsequent Disclosures, with whom you have had communications relating to your allegations against Frontier and/or your claims in this matter, including but not limited to present or former employees of Frontier. For each communication, provide the individual's current or last known address, mobile and home telephone number, and state the nature of the communications, all parties to the communication, and any written or electronic documents that were exchanged between the parties (additionally, produce such documents in response to Request for Production Nos. 12 and 13.

**ANSWER:** Of course, I spoke with various colleagues, coworkers, and supervisors of Defendant during the events at issue in this lawsuit. It is not possible to recall the nature of each communication nor do I possess current contact information for all of these individuals. But again, Defendant should be in possession of contact information for any of its former or current employees listed in my Initial Disclosures or herein. Please see my above Response to Interrogatory No. 2 for additional contact information for individuals with which I have discussed the events underlying this lawsuit.

Please also see BrighamR_PlaintiffRecords0644-45 for a current statement regarding some of the events underlying this lawsuit from Adrienne Prince. Also, please see the following additional information:

1. Lori Hughes: Ms. Hughes is a friend of mine, and I have discussed the unlawful treatment I have suffered from Frontier with Ms. Hughes on various occasions. Her telephone number is 303-520-8433.

2. Dave St. Hilaire: Mr. Hilaire was a former colleague at Frontier. Therefore, Defendant should possess his current contact information. I recall discussing Frontier's unlawful behavior with Mr. St. Hilaire because he suffered similar adverse actions after self-disclosing his issues with alcoholism to Defendant.

**INTERROGATORY NO. 4:**

List and explain in detail each and every retaliatory act that you contend was made or taken against you by Frontier, including by its representatives, agents, or employees. For each such act, state:

    A. The name of the individual(s) whom you contend retaliated against you;

    B. The action taken or representation made by the individual(s) that you contend constitutes retaliation;

    C. The date of the alleged retaliatory action(s); and

    D. Any witnesses to the alleged retaliation.

**ANSWER:** The most obvious act of retaliation occurred when I was fired by Jerry Arellano. This occurred on November 11, 2015. Leading up to my termination, it was obvious that Mr. Arellano did not like me as he would talk down to me in every conversation. He fired me due to my disability and because I was engaging, or attempting to engage, in protected activity by requesting reasonable accommodations.

On August, 24, 2105, I learned that a PDX turn was removed from my schedule without explanation. I believe I asked Stefanie Coppedge for an explanation, but I never received a response.

On October 9, 2015, a DFW turn was removed from my schedule in retaliation for my attempts to engage in protected activity by requesting reasonable accommodations. I asked the GO why the turn was removed from my schedule; no satisfactory reason was provided. On this date, I told Kari Thompson that I felt like Frontier was out to get me as it seemed Frontier was looking for any reason to write me up and terminate me, which eventually happened on November 11, 2015.

**INTERROGATORY NO. 5:**

For each accommodation that you requested from Frontier, please identify:

A.  The nature of the accommodation you requested;

B.  The identity of the individual(s) from whom you requested an accommodation;

C.  Whether a doctor submitted information relating to the request;

D.  The date that you requested the accommodation; and

E.  Whether and how Frontier responded to the request for accommodation, including

whether or not Frontier granted it.

**ANSWER:** For additional information responsive to this Interrogatory, please see BrighamR_PlaintiffRecords0644-45.

I met with my inflight managers, Stefanie Coppedge, JJ Williams, and Fadia Daphis, a few different times to discuss different ways I could avoid layovers; however, Frontier never suggested any solutions. I cannot recall the exact dates of these meetings. Also, I do recall confiding in JJ Williams and Fadia Daphis regarding my disability prior to my self-disclosure to Frontier toward the end of 2014.

On June 4, 2015, I requested to work at the GO (the "General Office") temporarily in order to avoid layovers and overnights. This meeting was recorded. Jerry Arellano and Cassie Micklich were present. The request was later denied through email.

On October 9, 2015, I again requested an accommodation through building a schedule using open time and the tradeboard. In this way, I would be able to create a schedule avoiding layovers and overnights. I requested this accommodation through Kari Thompson, and later, I again requested the same accommodation while Jerry Arellano was present. This meeting was also

recorded. I was told this accommodation would not be consistent with Frontier's practices and: "if we cherry picked to try and create you a certain situation now we have created a whole separate accommodation for you." I responded that the time might have been right to actually help people in recovery from alcoholism rather than hinder them. I also suggested that I work at the GO again. None of my requested accommodations were granted nor did Frontier offer any suggestions of its own.

On November 3, 2015, during a factfinding meeting with Stefanie Coppedge, I again requested an accommodation and in writing. This was denied; rather, I was fired on November 11, 2015.

**INTERROGATORY NO. 6:**

Identify and describe in detail each occasion on which you claim you were discriminated against by Frontier, including its representatives, employees, and/or agents, on the basis of disability. For each such incident, at a minimum, please include the following:

    A.  The name of the individual(s) whom you contend discriminated against you;

    B.  The action taken or representation made by the individual(s) that you contend constitutes discrimination;

    C.  The date of the alleged discriminatory action(s);

    D.  Any witnesses to the alleged discrimination; and

    E.  Whether and to whom you reported the alleged discrimination.

**ANSWER:** Unfortunately after I self-disclosed my disability, I was treated poorly virtually every time I spoke with anybody from the GO. Jerry Arellano, Shelley Lerner, and Kari Thomson talked down to me and made it clear that they did not think it necessary to accommodate my disability. I was disallowed from taking steps to create a schedule that avoided overnights and layovers. Instead I was written up for accruing too many absences even though I was trying hard to stick to my treatment plan and to arrange my schedule accordingly. Frontier would not allow me to complete the terms of my treatment plan by avoiding layovers and overnights even though it was critical that I did so in order to realize a full recovery.

I was also retaliated against, as described in response to Interrogatory No. 4, and Frontier refused to grant my accommodations or even meaningfully discuss my requested accommodations, as discussed in response to Interrogatory No. 5. Frontier never once suggested its own idea for a reasonable accommodation. After Frontier learned of my disability, my years of good performance

on the job turned into a contentious relationship where no matter how hard I tried to succeed, my managers were writing me up and disciplining me. Eventually, I was terminated by Frontier, also an act of discrimination.

## INTERROGATORY NO. 7:

Identify all employers for whom you have worked from November 11, 2015 to the present, stating for each:

    A.  The name and present or last known address and phone number of the employer;

    B.  The dates you were employed by that employer;

    C.  Your position with that employer;

    D.  The earnings (if from self-employment, both gross and net), compensation and other benefits you received during such employment, including commissions, bonuses, etc.;

    E.  The names of your immediate supervisor(s);

    F.  The reason for your separation from employment; and

    G.  Any disciplinary action, including termination from employment, to which the employer subjected you.

This interrogatory includes any period of self-employment. **Additionally, please execute a copy of the attached employment records release (Exhibit A) for each employer so that Frontier may obtain your employment records from the employers.**

**ANSWER: OBJECTION: The release attached as Exhibit A is overly broad, impermissibly seeks to invade Ms. Brigham's privacy, and seeks information not relevant to this lawsuit. The release seeks to provide Defendant access to "any records concerning the employment and termination of employment of Rebecca Brigham, including, but not limited to, . . . personnel files, severance agreements . . . performance reviews, grievances . . . [and] disciplinary records . . . ." Plaintiff's post-termination employment is relevant to this lawsuit insofar as Defendant may seek to establish whether or not Plaintiff properly mitigated her damages. The release, as drafted, seeks information beyond this proper scope. As such,**

**Plaintiff invites Defendant to draft its release such that it only seeks information on Ms. Brigham's position descriptions, durations of employment, and rates of pay. If Defendant agrees to do so, Plaintiff will execute a properly revised release.**

With regard to the remainder of this Interrogatory, from approximately February 2016 through April 2016, I worked at Cakeheads Bakery (placed through a temp agency). My supervisor was Bradley Isroff, and I believe his contact number to be (303) 596-5176. The temp agency separated my employment with Cakeheads Bakery. Mr. Isroff did reach out to me directly asking me to resume my employment; however, I had already started a new job. I earned approximately $12.00 per hour in this position, with $15.00 per hour offered after my termination.

From approximately April 2016 through August 2018, I worked for Great West Painting and Repair. My supervisor was Steve Kruger, and I believe his contact information to be (303) 239-8933. I earned approximately $15.00 to $18.75 per hour during the time I was employed in this position.

I am currently unemployed; however, I am caring for my husband's grandmother. I earn a minimal amount for these duties, approximately $200 per paid on a 1099. All of this work occurred in 2020 so I have yet to be issued a 1099.

## INTERROGATORY NO. 8:

Identify and fully describe any efforts that you have made to seek employment or other

means of income since November 11, 2015. In so doing, identify all companies, persons or other

entities with or through whom you have applied, inquired about, or sought employment, including

employment agencies, other personnel placement services, or your personal or professional

contacts, by specifying for each the name of the company, person or other entities from whom or

through whom you sought employment or income; the date(s) of each application, inquiry, or

search; the name(s) of the person(s) to whom you addressed your application, with whom you

interviewed, or who performed employment search services on your behalf; the job or business

relationship sought; the results(s) of each such application and the reason for the result (e.g.,

offered a position but declined it for a certain reason); and the amount and nature of compensation

and benefits of any job or business relationship offered or for which you applied (e.g., whether

such compensation was based on an hourly or salary pay schedule, commission structure or other

basis).

**ANSWER: OBJECTION: This Interrogatory is duplicative, overbroad and unduly burdensome given that Ms. Brigham has detailed her post-termination employment history in response to Interrogatory No. 7. Ms. Brigham invites conferral on this issue should Defendant disagree.**

**INTERROGATORY NO. 9:**

State the amount of all compensation, income and benefits you have received or expect to

receive since the date of your separation from Frontier and the sources of same. For purposes of

this Interrogatory, "benefit" means a payment made or an entitlement available to you in

accordance with a wage agreement or any other employer directed or sponsored program, an

insurance policy, or a public assistance program.

**ANSWER:** Please see documents produced herewith and Bates numbered BrighamR_PlaintiffRecords0645-50. Also, please see Plaintiff's economic expert's report Bates numbered BrighamR_PlaintiffRecords0708-0766, which contains detailed information responsive to this Interrogatory.

**INTERROGATORY NO. 10:**

Identify the basis(es) for your alleged disability(ies) by identifying:

    A. The physical or mental impairment which you allegedly have that substantially limits a major life activity;

    B. Each major life activity in which you are allegedly substantially limited, and a description of the manner in which you are allegedly substantially limited; and

    C. What treatment, including medication and/or treatment plans, if any, you use as a result of the disability described in sub-part (A).

**ANSWER:** My disability is alcoholism. I was unable to treat my disability on my own and it affected my life in dramatic ways, including my marriage and my relationship with my children.

Thus, I had trouble caring for myself, eating, sleeping, concentrating, and working. I completed a program of inpatient rehabilitation at the Discovery House in California. After completion of my inpatient program, I was placed on a treatment program that has modified over time. After my inpatient program, a significant portion of the treatment program was a modified work schedule. For additional information, *see* BrighamR_PlaintiffRecords0273-76 (Treatment Plan authored by Marla M. Madrid, LCSW).

**INTERROGATORY NO. 11:**

Please separately identify each and every disease, illness, injury, disability, defect, medical symptom or other physical or mental condition which you claim was caused or aggravated by Frontier as a result of Frontier's alleged improper conduct set forth in the Complaint.

**ANSWER:** Alcoholism. Anxiety. Depression. Emotional Distress. Pain and Suffering.

**INTERROGATORY NO. 12:**

Please state whether you have sought or received any consultation, examination and/or treatment for any physical or psychological injuries or damages you allege were caused by your treatment by and/or employment with Frontier alleged in this action, and/or any other action or omission by Frontier for which you are seeking relief in this action. If you answer in the affirmative, state the dates of each such consultation, examination and/or treatment and identify the provider from whom you sought treatment, the nature of such consultation, examination and/or treatment, and the diagnosis and treatment you received. **Additionally, please execute a copy of the attached medical release in Exhibit B for each provider so that Frontier may obtain your medical records. Please also execute a copy of the Authorization for Release of Psychotherapy Notes, attached as Exhibit C, for each identified mental health care provider so that Frontier may obtain your psychotherapy records from the mental health care provider(s).**

**ANSWER: OBJECTION: The release attached as Exhibit B is overly broad, impermissibly seeks to invade Ms. Brigham's privacy, and seeks information not relevant to this lawsuit. The release seeks to provide Defendant access to a "copy of each and every medical or treatment-related document or record in your possession, custody or control including, but not limited to, correspondence, reports, . . . charts, x-rays, diagnostics . . . [and] prescriptions . . . ." Plaintiff's medical records are relevant to this lawsuit insofar as Defendant may seek to learn of the nature of Plaintiff's medical damages caused by Defendant's conduct at issue in this lawsuit. The release, as drafted, seeks information beyond this proper scope as it seeks health information of any type and rendered at any time. As such, Plaintiff invites Defendant to draft its release such that it only seeks information on Ms. Brigham's treatment for alcoholism, anxiety, and depression, including bills for services rendered, and incurred from 2014 to present. If Defendant agrees to do so, Plaintiff will execute a properly revised release. Exhibit C suffers from similar defects as described below in my Response to Request for Production No. 19.**

With regard to the remainder of this Interrogatory, after being terminated by Frontier, I continued to see my counselor, Marla M. Madrid. Once Frontier presents me with a properly limited release, Defendant should be able to obtain the necessary records detailing treatment dates. At present, I cannot recall the exact dates of treatment.

## INTERROGATORY NO. 13:

Describe in detail your medical history from August 2011 to the present, including every illness, injury, disorder, abnormal or disabling condition (physical, mental or emotional) or medical procedures and all treatment you have had at any time (other than common virus, cold, flu, or routine dental work), the date on which such condition began or became evident, the diagnosis of any such condition, all treatment received and the dates thereof, and the identities of all current or former physicians, therapists, dentists, psychologists, hospitals, clinics, sanitariums and other health care providers who diagnosed or treated you for each such physical, emotional, mental, or psychological condition. **Additionally, please execute a copy of the attached medical release in Exhibit B for each provider so that Frontier may obtain your medical records. Please also execute a copy of the Authorization for Release of Psychotherapy Notes, attached**

**as Exhibit C, for each identified mental health care provider so that Frontier may obtain**

**your psychotherapy records from the mental health care provider(s).**

      **ANSWER: OBJECTION: The Interrogatory is overly broad, unduly burdensome, seeks to invade Ms. Brigham's privacy, and seeks information that is not relevant to any claims or defenses asserted in this lawsuit. Plaintiff is unclear as to how this broadly worded Interrogatory is relevant to the nature of her disability nor is Plaintiff aware as to how this Interrogatory seeks information relevant to her asserted damages. Plaintiff invites conferral on this Interrogatory so that she may provide any properly responsive information.**

## INTERROGATORY NO. 14:

Identify and fully describe any and all types of damages or injuries of any kind or nature that you allege you have suffered and are seeking relief from or compensation for in this case, and with respect to each, identify and describe the following:

    a.  specific type of injury alleged;

    b.  specific type of damages incurred;

    c.  amount of recovery sought for any specific type of injury or damages alleged;

    d.  the method used to compute each item of damages; and

    e.  any and all documents supporting your claims for damages.

      **ANSWER:** I am seeking all available economic damages available under law, including backpay and frontpay. Please see Plaintiff's economic expert's report Bates numbered BrighamR_PlaintiffRecords0708-0766, which contains detailed information responsive to this Interrogatory.

      I am also seeking all compensatory and punitive damages available under law and in amounts determined by a jury. I am also seeking my attorney's fees, costs, pre and post-judgment interest and any other legal or equitable relief determined proper by Court.

## INTERROGATORY NO. 15:

Identify by name, date, and court any other lawsuits, arbitrations, judicial proceedings, civil, criminal, or administrative cases (including charges filed with the Equal Employment

Opportunity Commission, state human rights commission, workers' compensation claims, and claims for unemployment benefits), to which you have ever been a party (as a plaintiff or a defendant) or a witness in the past ten (10) years.

**ANSWER:** None, apart from the EEOC complaint underlying this lawsuit and this lawsuit.

## INTERROGATORY NO. 16:

Please state whether you have ever pled guilty (or *nolo contende*) to or been convicted of any criminal charge.  If your answer is yes, please state the following with respect to each incident:  the nature of the charge; the date of the plea or conviction; the court in which the charge was raised; and the sentence you received.

**ANSWER:** While in college, in Sterling, CO, I accepted a plea deal after being charged with DUI. I pled no contest, received a fine, and took DUI classes. I have had some speeding tickets but those may not have been "criminal charge[s]." In approximately 2005 or 2006, I pled guilty to a trespassing charge in Lakewood, CO, which was reduced from shoplifting. This trespassing charge involved the use of alcohol. While a juvenile, around age 16, I pled guilty to hit and run, reckless driving, and driving without a valid drivers license. This juvenile offense also involved the use of alcohol.

## INTERROGATORY NO. 17:

Identify all personal e-mail addresses (such as Gmail, Yahoo!, Hotmail, AOL, AT&T, Blackberry), social networking accounts (for online services such as Facebook, Twitter, MySpace, Twitter, Instagram, Tumblr, YouTube, Google+, Classmates, Flickr, etc.), professional networking accounts (for online services such as LinkedIn, Monster.com, etc.), and any other accounts to online sites, services, blogs, wikis, or message boards that you have used or maintained at any time since May 2007 and for each, provide your public username, the email address associated with the account, the website address, and the dates the account has been active.

**ANSWER: OBJECTION: This Interrogatory is overly broad, unduly burdensome, seeks to invade Ms. Brigham's privacy, and seeks information that is not relevant to any**

**claims or defenses asserted in this lawsuit. Here, Defendant is seeking the identity of any "personal email addresses . . . social networking accounts . . . professional networking accounts . . . and any other accounts . . . ." from May 2007 to present without identifying how this information relates to this lawsuit in any way. This Interrogatory represents a classic, and impermissible, "fishing expedition." Notwithstanding, Plaintiff invites conferral on this Interrogatory so that she may provide properly responsive information, if it exists.**

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Produce all documents and tangible things that you reviewed, regardless of whether ultimately relied upon, for responding to the above Interrogatories and/or referenced in such Interrogatories.

**RESPONSE:** Please see previously produced documents Bates numbered BrighamR_PlaintiffRecords0001-6333; 0644-45; and those produced herewith and Bates numbered BrighamR_PlaintiffRecords0646-0707.

### REQUEST FOR PRODUCTION NO. 2:

Produce all documents and tangible things that you reviewed, regardless of whether ultimately relied upon, for purposes of preparing the allegations set forth in your Complaint.

**RESPONSE:** Please see previously produced documents Bates numbered BrighamR_PlaintiffRecords0001-6333.

### REQUEST FOR PRODUCTION NO. 3:

Produce all documents that relate to your employment with and separation from Frontier, including without limitation personnel documents, evaluations, job descriptions, policy and procedures manuals, any other manuals, documents describing your duties and responsibilities as a Frontier employee, any e-mail or text message communications with or about any of Frontier's agents, and anything that you took from Frontier when your employment was terminated.

**RESPONSE:** Please see previously produced documents Bates numbered BrighamR_PlaintiffRecords0001-6333; 0644-45; and those produced herewith and Bates numbered BrighamR_PlaintiffRecords0646-0707.

## REQUEST FOR PRODUCTION NO. 4:

Produce all documents which relate to the Charge of Discrimination filed with the Colorado Civil Rights Division (CCRD) and/or the Equal Employment Opportunity Commission (EEOC) on or about May 10, 2016.

**RESPONSE:** Please see previously produced documents Bates numbered BrighamR_PlaintiffRecords0001-6333.

## REQUEST FOR PRODUCTION NO. 5:

Produce all documents which relate to your efforts to gain employment after your separation from employment with Frontier including, but not limited to, copies of applications for training and/or education, copies of resumes, employment applications, letters to prospective employers, and correspondence between you and any employment agencies, recruiters, or headhunters.

**RESPONSE:** Please see documents produced herewith and Bates numbered BrighamR_PlaintiffRecords0646-0655.

## REQUEST FOR PRODUCTION NO. 6:

Produce any diaries, notes, correspondence, memoranda, calendars, journals, daily, weekly, or monthly planners, social media postings, or other similar materials from May 24, 2007 to the present, demonstrating your state of mind or memorializing any aspect of your employment or separation from employment with Frontier, including any journal or diary of any sort kept during your employment with Frontier.

**RESPONSE:** Plaintiff presumes this Request is seeking information authored by Plaintiff as opposed to information authored by others that may or may not be responsive to this Request –

apart from the issue of whether Plaintiff would be in possession of any such third-party information. With this understanding, Plaintiff asserts that no information responsive to this Request exists.

## REQUEST FOR PRODUCTION NO. 7:

Produce any and all documents and tangible things which you contend reflect, show, or demonstrate discrimination against you on the basis of disability by any employee or agent of Frontier.

**RESPONSE:** Please see previously produced documents Bates numbered BrighamR_PlaintiffRecords0001-6333; 0644-45; and those produced herewith and Bates numbered BrighamR_PlaintiffRecords0646-0707.

## REQUEST FOR PRODUCTION NO. 8:

Produce any and all documents and tangible things which you contend reflect, show, or demonstrate retaliation against you by any employee or agent of Frontier.

**RESPONSE:** Please see previously produced documents Bates numbered BrighamR_PlaintiffRecords0001-6333; 0644-45; and those produced herewith and Bates numbered BrighamR_PlaintiffRecords0646-0707.

## REQUEST FOR PRODUCTION NO. 9:

Produce any and all documents and tangible things which you contend reflect, show, or demonstrate Frontier's failure to accommodate your alleged disability.

**RESPONSE:** Please see previously produced documents Bates numbered BrighamR_PlaintiffRecords0001-6333; 0644-45; and those produced herewith and Bates numbered BrighamR_PlaintiffRecords0646-0707.

## REQUEST FOR PRODUCTION NO. 10:

Produce any and all documents and tangible things which you contend reflect, show, or demonstrate Frontier's failure to engage in good faith with you to determine what (if any) reasonable accommodations were possible for Frontier to provide you concerning your alleged

disability.

**RESPONSE:** Please see previously produced documents Bates numbered BrighamR_PlaintiffRecords0001-6333; 0644-45; and those produced herewith and Bates numbered BrighamR_PlaintiffRecords0646-0707.

## REQUEST FOR PRODUCTION NO. 11:

Produce any and all documents and tangible things which relate to communications or meetings between yourself and Frontier, or any representative or employee of Frontier, including but not limited to meetings with your supervisors or members of human resources, including without limitation, memoranda, meeting minutes, notes, tapes or recordings, emails or computer records or files, diaries, calendars, planners, text-messages, or material similar to any of the foregoing, relating to your allegations against Frontier and/or your claims in this matter.

**RESPONSE:** Please see previously produced documents Bates numbered BrighamR_PlaintiffRecords0001-6333; 0644-45; and those produced herewith and Bates numbered BrighamR_PlaintiffRecords0646-0707.

## REQUEST FOR PRODUCTION NO. 12:

Produce any and all documents reflecting communications between yourself and anyone else (other than correspondence sent only to your attorneys or documents sent by your attorneys to you and no one else) relating to your claims against Frontier.

**RESPONSE:** Please see previously produced documents Bates numbered BrighamR_PlaintiffRecords0001-6333; 0644-45; and those produced herewith and Bates numbered BrighamR_PlaintiffRecords0646-0707.

## REQUEST FOR PRODUCTION NO. 13:

Produce all communications between you and any individual identified in your Initial Disclosures that relate to your claims against Frontier.

**RESPONSE:** Please see previously produced documents Bates numbered BrighamR_PlaintiffRecords0190-0299; 0633 (note: as previously discussed between counsel, the

transcripts of recorded conversations were not professionally produced and contain some errors; however, the underlying recordings have been produced); and those produced herewith and Bates numbered BrighamR_PlaintiffRecords0680-0699.

## REQUEST FOR PRODUCTION NO. 14:

Produce all documents relating to your accommodation requests to Frontier.

**RESPONSE:** Please see previously produced documents Bates numbered BrighamR_PlaintiffRecords0001-6333; 0644-45; and those produced herewith and Bates numbered BrighamR_PlaintiffRecords0646-0707.

## REQUEST FOR PRODUCTION NO. 15:

Produce all documents or tangible things which reflect, show, or demonstrate income or compensation (including salary, wages, bonuses, unemployment compensation, disability payments, benefits, and any other thing of value) received by you since November 11, 2015, including pay stubs.

**RESPONSE:** Please see documents produced herewith and Bates numbered BrighamR_PlaintiffRecords0646-0651, and please see Plaintiff's economic expert's report Bates numbered BrighamR_PlaintiffRecords0708-0766, which contains detailed information responsive to this Interrogatory.

## REQUEST FOR PRODUCTION NO. 16:

Produce all documents that you provided to or received from any government or administrative agency, including, but not limited to, the EEOC relating to Frontier, your employment with Frontier, the separation of your employment with Frontier, and/or the subject matter of this litigation.

**RESPONSE:** Please see previously produced documents Bates numbered BrighamR_PlaintiffRecords0001-6333.

## REQUEST FOR PRODUCTION NO. 17:

Produce all of your federal, state, and local income tax returns, receipts, check stubs and

W-2 forms that indicate the transfer of funds to you, whether private or governmental transfer payments, including wages, passively earned income, and benefits of any kind, from 2010 to the present.

**RESPONSE: OBJECTION: Production of Ms. Brigham's tax returns would constitute an unwarranted invasion of her and her husband's privacy. Plaintiff takes the position that her income over the relevant time period is discoverable however, and as such, Ms. Brigham is producing her Form W-2s. Plaintiff invites conferral on this issue if Defendant can articulate reasons why Ms. Brigham's tax returns (filed jointly with her husband) are relevant to the claims or defenses asserted in this lawsuit.**

Please see documents produced herewith and Bates numbered BrighamR_PlaintiffRecords0646-0655.

## REQUEST FOR PRODUCTION NO. 18:

Produce all documents, including, but not limited to, correspondence, memoranda, notes, video or audio recordings, transcriptions, written statements or other reductions to writing, of interviews or conversations with any individual, including any former agent or employee of Frontier, concerning your employment with Frontier or the subject matter of this litigation.

**RESPONSE:** Please see previously produced documents Bates numbered BrighamR_PlaintiffRecords0190-0299 and 0633 (note: as previously discussed between counsel, the transcripts of recorded conversations were not professionally produced and contain some errors; however, the underlying recordings have been produced).

## REQUEST FOR PRODUCTION NO. 19:

If your claim for compensatory damages includes any type of emotional damages or mental anguish, produce all documents relating to any emotional or mental injury or illness, which you contend resulted from your employment with Frontier, including, but not limited to, all medical records, reports, bills, diagnoses, prescriptions, or any communications with any physician, psychiatrist, nurse, counselor, therapist, or other practitioner of the healing arts regarding such injury or illness. **Additionally, please execute a copy of the attached medical release in Exhibit**

**B for each provider so that Frontier may obtain your medical records. Please also execute a copy of the Authorization for Release of Psychotherapy Notes, attached as Exhibit C, for each identified mental health care provider so that Frontier may obtain your psychotherapy records from the mental health care provider(s).**

**RESPONSE: OBJECTION: The release attached as Exhibit C is overly broad, impermissibly seeks to invade Ms. Brigham's privacy, and seeks information not relevant to this lawsuit. The release seeks to provide Defendant access to "any and all notes recorded in any medium" from "any and all mental health providers . . . ." Plaintiff's medical records are relevant to this lawsuit insofar as Defendant may seek to learn of the nature of Plaintiff's medical damages caused by Defendant's conduct at issue in this lawsuit. The release, as drafted, seeks information beyond this proper scope. As such, Plaintiff invites Defendant to draft its release such that it only seeks relevant information on Ms. Brigham's treatment for alcoholism, anxiety, and depression, including bills for services rendered, incurred from 2014 to present and rendered by Marla M. Madrid at Comanche Crossing Counseling, LLC and Drs. Keller and Thomas at The Discovery House. If Defendant agrees to do so, Plaintiff will execute a properly revised release. Exhibit B suffers from similar defects as described above in Plaintiff's Response to Interrogatory No. 12.**

With regard to the remainder of this Request, Ms. Brigham is in the process of collecting any additional documents responsive to this Request and will supplement as soon as she is able.

## REQUEST FOR PRODUCTION NO. 20:

Produce all documents, which relate or refer to any claim(s) you made for any type of government (federal, state, or local) benefits assistance during or subsequent to your employment with Frontier, including but not limited to claim(s) for unemployment insurance or disability benefits.

**RESPONSE:** Please see documents produced herewith and Bates numbered BrighamR_PlaitniffRecords0651.

## REQUEST FOR PRODUCTION NO. 21:

If your claim for compensatory damages in this lawsuit includes any type of emotional damages or mental anguish, provide a copy of all your social networking content since May 24,

2007 that relates to any of your emotions, feelings, or mental states, as well as your communications that reveal, refer, or relate to events that could reasonably be expected to produce a significant emotion, feeling, or mental state.

**RESPONSE: OBJECTION: This Request is overly broad and unduly burdensome. Plaintiff's claims for relief do seek compensatory damages for "emotional damages or mental anguish;" however, this does not entitle Defendant to any social networking content or communications that "reveal, refer, or relate" to "emotions, feelings, or mental states" or "that could reasonably be expected to produce a significant emotion, feeling, or mental state." This Request covers virtually *any* social media post or communication made by any individual at any time. Notwithstanding, Plaintiff invites conferral on this Request so that she may provide properly responsive information, if any exists.**

## REQUEST FOR PRODUCTION NO. 22:

Produce all documents, electronically stored information, and tangible things on which you base any computation of your damages in this action (including materials bearing on the nature and extent of injuries suffered), including, but not limited to, all raw data and computation sheets upon which the amount of each claim for damages is based, and medical bills, balance sheets, financial statements, pay stubs, and federal, state, and local tax returns.

**RESPONSE:** Please see Plaintiff's economic expert's report Bates numbered BrighamR_PlaintiffRecords0708-0766, which contains detailed information responsive to this Request.

## REQUEST FOR PRODUCTION NO. 23:

Produce all documents, electronically stored information, and tangible things that relate to, reflect, or show your medical condition(s), evaluation of any medical condition(s), and/or treatment for any medical condition(s) including, but not limited to, medical records, treatment plans, and correspondence with medical professionals, insurance carriers, Frontier, and/or any other individual or entity regarding such conditions from May 24, 2007 to the present.

**RESPONSE: OBJECTION: This Request is overly broad, unduly burdensome, seeks**

to invade Ms. Brigham's privacy, and seeks information that is not relevant to any claims or defenses asserted in this lawsuit. While Defendant is entitled to discovery on relevant medical conditions suffered by Plaintiff, Defendant is not entitled to discovery on *any* medical conditions suffered by Plaintiff from 2007 to present. Notwithstanding, Plaintiff invites conferral on this Request so that she may provide properly responsive information, if it exists.

## VERIFICATION

I, Rebecca Brigham, hereby certify that I have read the foregoing responses to Defendant's First Set of Written Discovery Requests, and the factual assertions contained herein are true and accurate to the best of my current knowledge. I will revise or supplement these responses, if needed, as additional facts become known.

/s/ Rebecca Brigham
Rebecca Brigham

Respectfully served this 1st day of June, 2020.

THE LAW OFFICE OF JOHN R. CRONE, LLC

/s/ John R. Crone
John R. Crone
CO Bar No. 48284
4550 E Cherry Creek Drive South, #1003
Glendale, Colorado 80246
Telephone: (303) 598-3526
Email: john@crone-law.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2020, a true and correct copy of the foregoing *Plaintiff's Responses to Defendant's First Set of Written Discovery Requests Directed to Plaintiff* including any exhibits or documents, was served upon Defendant via electronic mail through its attorneys of record.

By:   /s/ John R. Crone
        John R. Crone